IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABDUL MOHAMMED,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No: 21-cv-3261<br><br>Removed from the Circuit Court of Cook County, Illinois, Law Division, Case No. 2021L000284 |

### NOTICE OF REMOVAL

Defendants Uber Technologies, Inc. ("Uber"), Raiser, LLC ("Raiser"), and Dara Khosrowshahi ("Khosrowshahi") (collectively, the "Uber Defendants"), by and through their attorneys Littler Mendelson, P.C., hereby remove the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of its Notice of Removal, the Uber Defendants state the following:

### The State Court Action

1. On January 11, 2021, Plaintiff Abdul Mohammed ("Plaintiff") filed a pro se Complaint in the Circuit Court of Cook County, Illinois, Law Division ("Circuit Court"), captioned *Abdul Mohammed v. Jenner & Block LLP, Uber Technologies Inc., Raiser LLC, Littler Mendelson P.C., Romanucci and Blandin LLC, Dara Khosrowshahi, Travis Kalanick, Ryan Graves, Nick Gicinto, Craig Clark, Mat Henley, Antonio Romanucci, Jennifer Schilling, Jodi [sic] Boquist, Reid Schar, Megan Poetzel, and Daniel Bobier Individually and as Agents or Servants or Volunteers or Associates or Contractors or Employees of Uber Technologies Inc., Raiser LLC, Littler Mendelson P.C., Romanucci and Blandin LLC and Jenner & Block LLP*, Case No. 2021L000284 (the

"Action") alleging a myriad of state and federal claims arising from his visit to the offices located at 321 North Clark Street in Chicago, Illinois and from his separate lawsuit currently pending in the Northern District of Illinois Eastern Division.[1] A copy of Plaintiff's Complaint is attached as **Exhibit A** ("Compl.").[2]

2. On January 11, 2021, Plaintiff sent a copy of the filed Complaint to counsel for the Uber Defendants, among others, via e-mail. A copy of Plaintiff's email is attached as **Exhibit B**. However, Plaintiff's email did not include a summons, and was thus insufficient to effectuate service on defendants. *See Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1010 (N.D. Ill. 2009) (finding that certificate of service which stated that a complaint was served by e-mail, but said nothing about a summons, was insufficient to establish service on defendant for purposes of triggering the commencement of the removal period).

3. The Summons and Complaint were served on Defendants Jenner & Block, LLP, Reid Schar, Megan Poetzel, and Daniel Bobier ("the Jenner Defendants") via process server on May 21, 2021. True and correct copies of the Summonses and Complaints served on the Jenner Defendants are attached as **Exhibit C**.

4. The Summons and Complaint were served on Uber via process server on May 24, 2021. A true and correct copy of the Summons and Complaint served on Uber is attached as **Exhibit D**.

5. The Summons and Complaint were served on Defendants Antonio Romanucci and Romanucci & Blandin, LLC (the "Romanucci Defendants") via process server on May 21, 2021. True and correct copies of the Summonses and Complaints served on the Romanucci Defendants

---

[1] *See Mohammed v. Uber Technologies, Inc. and Raiser, LLC*, Case No. 16-cv-2537 (2016 N.D. Ill.).
[2] Although Plaintiff's Complaint cites to "Exhibit H" and "Exhibit I" (Compl., ¶¶11-12), Plaintiff did not serve Defendants with said exhibits.

are attached as **Exhibit E**.

6. On May 25, 2021, counsel for Raiser and Khosrowshahi accepted service of the Summons and Complaint on behalf of Raiser and Khosrowshahi via email. True and correct copies of the Summonses and Complaints served on Raiser and Khosrowshahi are attached as **Exhibit F**.

7. On May 25, 2021, counsel for Defendants Littler Mendelson, P.C., Jody[3] Boquist, and Jennifer Schilling ("the Littler Defendants") also accepted service of the Summons and Complaint on behalf of the Littler Defendants via email. True and correct copies of the Summonses and Complaints served on the Littler Defendants are attached as **Exhibit G**.

8. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon the aforementioned defendants, including a copy of the Complaint, are attached as **Exhibits C-G**. No other processes, pleadings, or orders have been served on the aforementioned Defendants in this matter.

## Timeliness and Propriety of Removal

9. Ordinarily, a party has thirty days to remove an action after receiving the pleading or motion by formal service that reveals that the predicates of removal are present. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the 30-day removal period under 28 U.S.C. § 1446(b) is triggered by *formal service*, but not by mere receipt of the complaint) (emphasis added).

10. Pursuant to 28 U.S.C. § 1446(b), the Uber Defendants timely filed this Notice of Removal because it is within 30 days of when the first named defendant – the Jenner Defendants and the Romanucci Defendants – were served with the Complaint and Summons on May 21, 2021, and within 30 days of when the Uber Defendants were served with the Complaint and Summons

---

[3] Defendant Jody Boquist's first name is misspelled as "Jodi" in the Complaint and Summons.

on May 24, 2021 and May 25, 2021.

11. Following service on May 21, 2021, and pursuant to 28 U.S.C. § 1446(b)(2)(A), the Jenner Defendants consent to this removal. A true and correct copy of their Consent is attached as **Exhibit H**.

12. Following service on May 24, 2021, and pursuant to 28 U.S.C. § 1446(b)(2)(C), Uber joins with Raiser in the removal of this Action.

13. Following service on May 21, 2021, and pursuant to 28 U.S.C. § 1446(b)(2)(A), the Romanucci Defendants consent to this removal. A true and correct copy of their Consent is attached as **Exhibit I**.

14. Following waiver and acceptance of service on May 25, 2021, and pursuant to 28 U.S.C. § 1446(b)(2)(C), the Littler Defendants consent to this removal. A true and correct copy of their Consent is attached as **Exhibit J**.

15. The undersigned counsel has conferred with counsel for Defendant Ryan Graves ("Graves") and Defendant Travis Kalanick ("Kalanick") who represented that, upon information and belief, neither Graves nor Kalanick had been properly served. Copies of counsel's emails are attached hereto as **Exhibits K and L**. Thus, neither Graves' nor Kalanick's consent is necessary to effectuate removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of the action") (emphasis added).

16. While, generally, all defendants must join in a removal petition or consent to such removal, the removing party may explain affirmatively the absence of any co-defendants in the notice of removal. *See Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 314 (N.D. Ill. 1993) (*citing N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982)).

4

17. The Uber Defendants are not required to obtain the consent or joinder of Defendants Nick Gicinto ("Gicinto"), Craig Clark ("Clark"), or Mat Henley ("Henley"), as they are nominal parties whose joinder or consent is unnecessary to effectuate removal. *See N. Illinois Gas Co.*, 676 F.2d at 272 ("Nominal parties, however, are disregarded for removal purposes and need not join in the petition."); *see also Selfix, Inc. v. Bisk*, 867 F. Supp. 1333, 1336 (N.D. Ill. 1994) ("If a party to a suit is merely a nominal party, its presence in the suit will not defeat removal. A nominal party need not join in the removal petition."). The only "facts" pled with respect to Gicinto, Clark, or Henley relate to allegations underlying a separate case filed against Uber and others in the Northern District of California (*Waymo LLC v. Uber Technologies, Inc., et al*, Case No. 17c-cv-00939) that is wholly unrelated to and separate from Plaintiff and any of Plaintiff's allegations. (*See* Compl., ¶¶12-16). Without any plausible connection to Plaintiff, Plaintiff's claims, or Plaintiff's alleged damages, there is no reasonable basis for predicting that Gicinto, Clark, or Henley will be held liable in this Action, and therefore, their presence is merely nominal. *See Majewski v. Dick's Sporting Goods, Inc.*, No. 20-CV-6906, 2021 WL 76819, at *6 (N.D. Ill. Jan. 8, 2021) ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable").

18. Additionally, the state court docket does not identify by name which defendants have been properly served in this Action,[4] nor has Plaintiff informed the Uber Defendants which parties have been properly served. A copy of the state court's docket for this Action is attached as **Exhibit M**. Gicinto, Clark, and Henley are not represented by the undersigned counsel, counsel for the Jenner Defendants, counsel for the Romanucci Defendants, or counsel for the Littler Defendants.

19. Accordingly, other than the defendants who expressly join and consent to the

---

[4] Defendants Jennifer Schilling and Jenner & Block LLP are the only defendants identified by name as being served and thus, join and consent to the removal of this Action. *See* **Exhibit M**.

removal of this Action as stated herein (the Jenner Defendants, the Littler Defendants, and the Romanucci Defendants), the Uber Defendants do not know of the other named defendants who have been properly served in this Action and, therefore, cannot obtain their joinder or consent to this removal.

20. As such, pursuant to 28 U.S.C. § 1446(b)(2)(A), there is no other defendant who has been properly served to join in or consent to the removal of this action.

## Jurisdiction and Venue

21. Because the Circuit Court lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

22. As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.

## Federal Question Jurisdiction

23. Federal courts have original jurisdiction over civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

24. Plaintiff's Complaint alleges putative claims against the Uber Defendants that arise under the Computer Fraud and Abuse Act (18 USC §1030), the Stored Communications Act (18 USC §2701 *et seq.*), the Electronic Communications Privacy Act (18 USC §2510 *et seq.*), and the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 USC §1961 *et seq.*), all of which raise federal questions. *See* Compl. at ¶¶ 35-46 and 57-76. Plaintiff expressly cites to these federal statutes in his Complaint. Plaintiff also alleges malicious prosecution pursuant to federal law against the Uber Defendants. *Id.* at ¶¶81-84. Thus, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because claims arise under United States law, and the Uber Defendants are entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441(a).

25. Additionally, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's assault and battery, aggravated assault and battery, stalking and aggravated stalking, hate crime, privacy, defamation *per se*, malicious prosecution, fraudulent representation, intentional infliction of emotional distress, and civil conspiracy claims arising under Illinois law ("State Law Claims"). *See* Compl. at ¶¶17-25, 30-34, 47-56, and 81-100. Plaintiff's State Law Claims derive from the same set of operative facts as Plaintiff's federal claims regarding his lawsuit currently pending in the Northern District of Illinois Eastern Division (*see Mohammed v. Uber Technologies, Inc. and Raiser, LLC*, Case No. 16-cv-2537 (2016 N.D. Ill.)) and visit to the offices at 321 North Clark Street, and form part of the same case or controversy. Indeed, Plaintiff's use of identical factual allegations to support both his federal claims and his state law claims demonstrates an expectation that all of his claims will be considered in a single lawsuit. Consequently, because Plaintiff's state law claims are sufficiently intertwined with his federal claims in a single proceeding, this Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

26. As a result, this Court has original jurisdiction over this Action and removal is proper.

## Compliance With Procedural Requirements

27. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with this filing, the Uber Defendants are serving the Notice to Adverse Party of Filing of Notice of Removal upon Plaintiff. (*See* Notice to Adverse Parties of Notice of Removal attached as **Exhibit N**).

28. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with this filing, the Uber Defendants also filed a copy of the Notice of Removal to the Circuit Court. (*See* Notice to State Court of Filing Notice of Removal **Exhibit O**).

29. The Uber Defendants file this Notice of Removal solely for the purpose of removing the instant Action and do not waive, and specifically reserve, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, the Uber Defendants hereby remove this Action from the Circuit Court of Cook County, Illinois, Law Division, to this Court, and request that this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: June 17, 2021

Respectfully submitted,

**UBER TECHNOLOGIES, INC., RAISER, LLC, and DARA KHOSROWSHAHI,**

By: */s/ Kerri Feczko*
One of Their Attorneys

Jennifer Schilling
Kerri Feczko
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
312.372.5520
jschilling@littler.com
kfeczko@littler.com

## **CERTIFICATE OF SERVICE**

Kerri Feczko, an attorney, hereby certifies that on June 17, 2021, she electronically filed a *Notice of Removal* via the CM/ECF filing system with the United States District Court for the Northern District of Illinois, which sent electronic notification of such filing to the following individuals, and sent a copy of the same via email:

**ABDUL MOHAMMED**
258 East Bailey Rd., Apt. C
Naperville, IL 60565
aamohammed@hotmail.com

                                                      */s/ Kerri Feczko*
                                                      Kerri Feczko

4833-6132-7338.3 / 073208-2164