**IN THE UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**



FILED
1/28/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AK

| | |
|---|---|
| ABDUL MOHAMMED,<br><br>                Plaintiff,<br><br>   v.<br><br>JENNER & BLOCK LLP et.al,<br><br>                Defendants. | Case No. 2021-cv-3261<br>Honorable Sharon Coleman |

**PLAINTIFF'S RESPONSE TO ROMANUCCI DEFENDANTS' MOTION TO DISMISS**

1. **Plaintiff's Response to Romanucci Defendants' paragraph II (a)**: All the orders identified by the Romanucci Defendants entered against the Plaintiff by the judges in question are void ab initio as those judges were disqualified from hearing any matter related to the Plaintiff and his three minor children and the matters concerning the presiding of cases related to the Plaintiff and his three minor children by the judges in question are pending in *Mohammed v the United States*, Case # 21-cv-2262 (Federal Court of Claims) (Exhibit-Z1). Further two judges of this court (J.Tharpe and J.Coleman) have refused to follow illegal orders of the Executive Committee and another Judge (J.Posner) resigned from the 7th Circuit and publicly stated that his fellow judges are dishonest and are involved in discrimination against a large chunk of litigants belonging to some protective classes. J.Coleman had initially refused to forward the instant case to the Executive Committee for review even after Plaintiff informed J.Coleman about the existence of the illegal Executive Committee Orders against him. The constitution was not created by cowards and the cowards will not preserve and or protect it. Plaintiff would like to briefly discuss justice and injustice and the difference between the two, of those cowards who hide behind the false bravado of authority, of power, of hate, of bigotry, of untruths, and there to call it justice. The cowards' biggest success is recasting injustice as justice. Cowards claim that they are wedded to justice, oath of office, and the constitution but cowards muscle out the minorities, the Muslims, the African Americans, the Hispanics, the Native Americans, the Pacific Islanders, the Asians, the weak, the unfortunate, the poor, the downtrodden, the disabled, etc. at every available opportunity. Cowards' actions have firmly established their motto of brutality over morality. Cowards in true fascist fashion have made every act of pettiness, of vengeance, of hate, and bigotry a part of their narrative of justice. Cowards are only brave when armed with power and authority and the truly brave can fight (by peacefully protesting, by dissenting, by seeking redress in a court of law, and by various other peaceful options) even when unarmed. What cowards are doing is not bravery but truly braves are the ones who come to this court holding nothing but a belief that their cause is just, and they stand in this court alone most of the time

1

without an attorney against seasoned and professional defense attorneys. The conduct of the cowards is used to heckle, to harass, to threaten, to bully, and to always, always, remind this Plaintiff and his three minor children and other similarly situated people about "who is in charge?" and then the cowards sit back and smirk at their conduct and then the cowards also have the audacity to say that they will not resign from their positions.

2. **Plaintiff's Response to Romanucci Defendants' paragraph II (b)**: Once assaulted, battered, and removed from the building, Plaintiff only called Defendant Romanucci (hereinafter Romanucci) to ask why he was assaulted, battered, and removed from the building and he did not call Romanucci to ask for legal representation. Romanucci informed Plaintiff that he cannot represent him because Defendant Littler Mendelson P.C (hereinafter Littler Defendants) are not allowing Plaintiff into the building. Further Romanucci filed his Verified Response and/or Affidavit with Illinois Department of Human Rights in Charge #2017CP2125 where Romanucci represented under oath that Littler played no role in Plaintiff's removal from the building and his declining legal representation to the Plaintiff and he declined legal representation to the Plaintiff our of his own will. Romanucci, Uber, and Jenner & Block LLP Defendants (hereinafter Jenner Defendants) mislead Plaintiff since November 10, 2016. Uber, Romanucci, and Littler Defendants even today are misleading the Plaintiff that they did not file any Verified Response and/or Affidavit with IDHR when in fact the Investigator at IDHR read the Verified Response and/or Affidavit filed by the Uber, Romanucci, and Littler Defendants and informed him that Romanucci declined to represent the Plaintiff out of his own will and Uber and Littler Defendants played no role in him declining to represent the Plaintiff. The IDHR Investigator further informed Plaintiff that there is no way Uber and Littler Defendants can spy on him. IDHR cannot locate the Verified Response and/or Affidavit filed by Uber, Romanucci, and Littler Defendants. It is highly unlikely that Romanucci and Littler Defendants who are lawyers and were Respondents in a charge filed with IDHR would not file their Verified Response and/or Affidavit within 60 days of perfection of the charge which was perfected on 04/03/2017 and that charge was withdrawn on 09/25/2017. Uber, Romanucci, and Littler Defendants have not provided a copy of their Verified Response and/or Affidavit and even today they are saying that they did not file any Verified Response and/or Affidavit with IDHR. See the entire IDHR File for Charge #2017CP2125 as Exhibit-Z2. Sec. 13-215. Fraudulent concealment. If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterward. Because Romanucci, Uber, and Jenner Defendants mislead the Plaintiff regarding the cause of action and concealed the cause of action as described above, pursuant to Section 13-215 the statute of limitations is 5 years and it started

2

to run on the day this case was filed that is January 11, 2021. Further in their Response, Romanucci Defendants have conceded that they witnessed the security officer's actions, but they never asked the security officer why he is assaulting and battering the Plaintiff. Romanucci Defendants invite the Plaintiff to their office and then handed over the Plaintiff to the security officer to commit assault and battery upon the Plaintiff and they assert in this court they are not responsible for the actions of the security officer whereas a slip and fall in a Wal-mMart raise a claim against the Wal-Mart. At the most Defendants in this case can ask for contribution from the security officer and his employer just like *Barnai v. Wal-Mart Stores, Inc.*, 2021 IL App (1st) 191306. In *Barnai,* the Plaintiff sued Wal-mart Stores Inc (hereinafter Wal-Mart), International Contractors Inc (hereinafter ICI) and Nuline Technologies Inc (hereinafter Nuline) and Wal-Mart, ICI, and Nuline, in turn, filed contribution claims against Barnai's employer, Village of Summit Fire Protection Company (Summit).

3. **Romanucci Defendants' paragraph III (b)**: Romanucci Defendants have conspired with Uber and Jenner Defendants in concealing the cause of action as described above and hence they are party to the violations against the Plaintiff as described in this complaint. Hence 1-2, 4, 14-15 cannot be dismissed and if the court finds allegations against Romanucci Defendants insufficient, Plaintiff is requesting the court to allow him to amend his complaint.

4. **Plaintiff's Response to Romanucci Defendants' paragraph III (c)**: Counts 1-2, 4, and 14 are not untimely as Defendants mislead the Plaintiff and concealed the cause of action as described above and hence the pursuant to Section 13-215 the statute of limitations is 5 years and it started to run on the day this case was filed that is January 11, 2021.

5. **Plaintiff's Response to Romanucci Defendants' paragraph III (d)**: The security officer is the agent of both Romanucci and Littler Defendants. The Illinois Supreme Court recently held one principal could seek contribution from another principal, both of whom were held vicariously liable due to the acts of the same agent. In *Sperl v. Henry*, 2018 IL 123132 (IL), C.H. Robinson Company and Toad L. Dragonfly Express, Inc. were both found vicariously liable due to the acts of DeAn Henry. CHR was a logistics company that contracted with licensed carriers to transport goods to its customers, one of which was Jewel Food Stores. Pursuant to *Sperl v. Henry,* both Romanucci and Littler Defendants are vicariously responsible for the actions of the security officer. In fact, both Romanucci and Littler Defendants probably asked the security officer to assault and batter the Plaintiff. Further in *Stewart v. Harrah's Illinois Corporation*, No. 98 C 5550 (N.D. Ill. Jul. 17, 2000), this court ruled as follows:

> "Count I of Stewart's complaint also seeks recovery from Harrah's for the alleged excessive force violation committed by Larson. To prevail on a Section 1983 claim, Stewart must prove that he was deprived of a federal right by a person acting under the

color of state law. See *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1985)".

Hence pursuant to *Stewart v. Harrah's Illinois Corporation* and *Pickrel v. City of Springfield,* Romanucci Defendants are liable for the actions of the security officer just like Defendant Harrah's Illinois Corporation was held liable for the actions of the security officer.

6. **Plaintiff's Response to Romanucci Defendants' paragraph III (e)**: Plaintiff voluntarily dismisses Count-2 against Romanucci Defendants.

7. **Plaintiff's Response to Romanucci Defendants' paragraph III (f)**: *Mohammed I* alleges how the Plaintiff and similarly situated Drivers were discriminated by Uber Defendants in *Mohammed I* based on their national origin. Further Uber and Littler Defendants knew that the Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act through the litigation in Cook County Commission for Human Rights in Case # 2015E015. Plaintiff testified, presented evidence that he is a disabled person all through the litigation and trial in Case # 2015E015 where Defendant Schilling represented Uber Defendants and Defendant Schilling cross-examined the Plaintiff on his disabilities and she concluded that the Plaintiff has disabilities. The Americans with Disabilities Act seeks to prevent not only intentional discrimination against people with disabilities but also — indeed, primarily — discrimination that results from "thoughtlessness, indifference, and apathy," that is, from "benign neglect." *Alexander v. Choate*, 469 U.S. 287, 301 (1985); see H.R. Rep. No. 101–485(II), at 29 (1990). Thus, it is insufficient for a program to be offered on equal terms to those with and without disabilities; the law requires "affirmative accommodations to ensure that facially neutral rules do not in practice discriminate against individuals with disabilities." *Henrietta D.*, 331 F.3d at 275; see also *Tennessee v. Lane*, 541 U.S. 509, 511 (2004) ("Recognizing that failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion, Congress required the Places of Public Accommodations and Public Entities to take reasonable measures to remove . . . barriers to accessibility."); 42 U.S.C. § 12112(b)(5)(A) (defining discrimination to include failing to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability"). As the Second Circuit has put it, "[i]t is not enough to open the door for the handicapped; a ramp must be built so the door can be reached." *Dopico v. Goldschmidt*, 687 F.2d 644, 652 (2d Cir. 1982) (internal quotation marks and alterations omitted). In the instant case, all the Defendants intentionally discriminated against Plaintiff and caused assault and battery upon Plaintiff by taking advantage of Plaintiff's disabilities. Defendants fully knew that Plaintiff will not be able to defend himself against the security officer who was much bigger than Plaintiff. This is assault and battery upon the Plaintiff based on his disabilities which is a violation of the Hate Crimes Act of Illinois. Romanucci Defendants has acted in concert with Littler and Uber Defendants in the assault, battery, and commission

4

of hate crimes against the Plaintiff. Further intentional discrimination due to disabilities is not needed for violation of the Americans with Disabilities Act but benign neglect is enough for a violation of the Americans with Disabilities Act. Further, the assault, battery, and commission of hate crimes against Plaintiff as described in the instant complaint and as described in this Response was also due to Plaintiff's national origin as described above. Hence Count-4 cannot be dismissed.

8.  **Plaintiff's Response to Romanucci Defendants' paragraph III (g)**: Plaintiff has alleged that Romanucci Defendants were party to the actions of Uber and Littler Defendants as described above. Plaintiff has clearly pled assault, battery, and commission of hate crimes against him by the Defendants. Plaintiff does not know how assault, battery, and commission of hate crimes against him by the Defendants are not truly extreme and outrageous actions. In fact, Illinois Hate Crimes Act (hereinafter IHCA) provides damages for emotional distress as a matter of law. Once a cause of action for hate crimes is proved under IHCA there is no need to prove emotional distress separately as IHCA automatically provides damages for emotional distress. Hence Count-14 is sufficiently pled, and it cannot be dismissed.

9.  **Plaintiff's Response to Romanucci Defendants' paragraph III (h)**: Plaintiff has pled underlying tortious acts by the Defendants as described above and hence Count-15 cannot be dismissed.


**WHEREFORE**, based on the foregoing arguments, Plaintiff requests this court to dismiss Romanucci Defendants' Motion to Dismiss.


Dated-: January 28, 2022

/s/ Abdul Mohammed,
258 East Bailey Rd., Apt. C
Naperville, IL 60565
Ph.630-854-5345

# EXHIBIT-Z1

## IN THE UNITED STATES COURT FOR FEDERAL CLAIMS

ABDUL MOHAMMED,

PLAINTIFF

vs.

THE UNITED STATES,

DEFENDANT,

**21-2262 C**

## COMPLAINT

## JURISDITION

1. This court has jurisdiction over this case because it is being brought under the Takings Clause of the 5th Amendment of the Constitution of the United States.

## PARTIES

2. Abdul Mohammed a resident of Naperville, Illinois is the Plaintiff, and the United States is the Defendant.

## STATEMENT OF FACTS

3. This action is being brought under the Takings Clause of the 5th Amendment of the Constitution of the United States for illegal seizure of the Plaintiff's causes of action by several Federal Judges, United States Attorney, and Assistant United States Attorney (hereinafter officers).

4. On August 20, 2019, Judge Feinerman, a judge of the United States seized the lawsuit titled as *Mohammed v Anderson*, Case # 18-cv-8393 (N.D.Il) and dismissed the lawsuit to protect white defendants and government Defendants in that case as a public policy or under the color of rule, law, statute or constitution of the Defendant United States.

5. Further, the 7th Circuit affirmed the dismissal of *Mohammed v Anderson* in an illegal manner to protect the white Defendants and government Defendants without answering Plaintiff's questions raised on appeal as a public policy or under the color of rule, law, statute or constitution of the Defendant United States.

6. Further on June 28, 2020, J.Shah, a judge of the United States dismissed *Mohammed v Alonso*, Case # 20-cv-3481 (N.D.Ill) in a summary manner without hearing the Plaintiff and also without providing the Plaintiff any opportunity to file a pleading in support of his complaint in *Mohammed v Alonso* as a public policy or under the color of rule, law, statute or constitution of the Defendant United States.

7. Further on June 17, 2020, the Executive Committee (hereinafter Executive Committee) of the United States District Court for the Northern District of Illinois (hereinafter District Court) entered a restricted filer order against the Plaintiff without a hearing and also without allowing the Plaintiff to file a pleading as a public policy or under the color of rule, law, statute or constitution of the Defendant United States.

8. Further, on August 13, 2020, the Executive Committee entered another restricted filer order against the Plaintiff in which the Executive Committee stated that this Executive Committee order is being entered due to the filings of the Plaintiff after June 17, 2020, as a public policy or under the color of rule, law, statute or constitution of the Defendant

1

United States, when in fact the Plaintiff did not file anything in the District Court between June 17, 2020, and August 13, 2020.

9. Further 7th Circuit affirmed both the Executive Committee orders illegally to protect the white Defendants and government Defendants without answering Plaintiff's questions raised on appeal as a public policy or under the color of rule, law, statute or constitution of the Defendant United States.

10. Further, on July 10, 2020, Judge Blakey, a judge of the United States seized the lawsuit tilted *Mohammed v the State of Illinois*, Case # 20-cv-50133 (N.D.Il), and dismissed the lawsuit in a summary manner to protect white Defendants and government Defendants in that case as a public policy or under the color of rule, law, statute or constitution of the Defendant United States.

11. Further, the 7th Circuit affirmed the dismissal of *Mohammed v the State of Illinois*, Case # 20-cv-50133 (N.D.Il), in an illegal manner to protect the white Defendants and government Defendants without answering Plaintiff's questions raised on appeal as a public policy of Defendant United States.

12. Further on January 11, 2021, the 7th Circuit entered a Sanction order against Plaintiff as a public policy or under the color of rule, law, statute or constitution of the Defendant United States in an appeal against NLRB which was dismissed due to lack of jurisdiction despite Plaintiff's assertion that he did not know that an appeal cannot be filed against NLRB in United States Courts of Appeal.

13. Since the entering of the illegal orders by the Executive Committee against the Plaintiff, the members of the Executive Committee, J.Jorge Alonso, J. Gary Feinerman, Chief Judge Rebecca Pallmeyer, J.Ronald Guzman, J.Robert Gettleman, J. John Blakey, J.Iain Johnston, Thomas Bruton, J.Frank Easterbrook, J.Michael Kanne, J.Diane Wood, J.Michael Brennan, J.Amy St.Eve, J. Ilana Rovner, J.Michael Scudder, J..David Hamilton, J.Thomas Durkin, J.William Bauer, and Chief Judge Diane Sykes has harassed the Plaintiff and his three minor children and retaliated against the Plaintiff and his three minor children as a public policy or under the color of rule, law, statute or constitution of the Defendant United States as follows:

1) J.Feinerman ruled in *Mohammed v Bridges et.al*, Case # 19-cv-6525 (N.D.Ill) that the Plaintiff's 8-year-old son's school can deprive Plaintiff's son of his lunch as a public policy of Defendant United States and the one or more of the 7th Circuit judges mentioned above affirmed J.Feinerman's ruling that Plaintiff's 8-year-old son's school can deprive Plaintiff's son of his lunch as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

2) Further J.Feinerman dismissed *Mohammed v Bridges et.al*, Case # 19-cv-6525 (N.D.Ill) as a public policy or under the color of rule, law, statute or constitution of the Defendant United States when Plaintiff asked a question as follows:

"Ms. Deanes,

I have the following question for Judge Feinerman:

How come it is OK to only ban me from dropping Lunch for my son whereas other parents can drop Lunch for their children? Please answer the above question via email either to me or to my attorney, Marco Rodriguez. Sincerely, Abdul Mohammed";

2

3) Further Plaintiff sues the judges named above and Chairman by members of the Executive Committee and the other judges named above as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

4) Further, all the judges named above, and the members of the Executive Committee retaliated against Plaintiff and his three minor children by threatening sanctions for filing a complaint with USDOJ as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

5) Further, all the judges named above and the members of the Executive Committee retaliated against the Plaintiff and his three minor children by threatening sanctions, false criminal charges, false arrest, false imprisonment jail time, and extortion of $1000.00 for filing a complaint with Chief Judge of 7th Circuit Diane Sykes against several judges of the United States District Court, the 7th Circuit and members of the Executive Committee and forced the Plaintiff to withdraw his complaint as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

6) Finally, all the judges named above and the members of the Executive Committee, retaliated against the Plaintiff and his three minor children by having Plaintiff's home raided at 6:30 AM by Naperville Police and several Federal Agents as a public policy or under the color of rule, law, statute or constitution of the Defendant United States and the Plaintiff was threatened by the Federal Agents for filing complaints against the judges named above and the members of the Executive Committee as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

7) Further Plaintiff as threatened by Federal Agents upon orders of the judges named above and the members of the Executive Committee, to watch out what he files against the judges as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

8) Further Federal Agents threatened the Plaintiff during the raid to not make them come back again to his home and do this in front of his children as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

9) Further judges named above and the members of the Executive Committee, used Plaintiff's three minor children as "human shields" to protect themselves from Plaintiff's complaints against them when they caused the Federal Agents to threaten the Plaintiff "to not make them come back again and to do this in front of his children" as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

10) Further, the judges named above, and the members of the Executive Committee caused the raid of Federal Agents and Naperville Police upon Plaintiff's home to threaten the Plaintiff with false criminal charges, false arrest and false imprisonment if the Plaintiff files any complaint against the judges named above and the members of the Executive Committee named above as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

11) Further, the judges named above and the members of the Executive Committee after committing actions as described above, represent that they are impartial when they heard matters related to the Plaintiff and his three minor children as a public policy or under the color of rule, law, statute or constitution of the Defendant United States which is nothing but preposterous;

3

12) Further, the judges named above committed the actions above and other actions against the Plaintiff with prejudice towards his race, color, religion, national origin, ancestry, ethnicity, disabilities, etc. and committed actions in retaliation as a public policy or under the color of rule, law, statute or constitution of the Defendant United States due to the Plaintiff's Federal Complaints against the judges named above including but not limited to Federal Lawsuits and complaint with USDOJ;

13) Further, the members of the Executive Committee created and enforced a fake order of the 7th Circuit against Plaintiff on September 16, 2021, and November 8, 2021, as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

14) Further, when Plaintiff filed Motion to Vacate the illegal orders of the Executive Committee, members of the Executive Committee has refused to rule on the Motions to Vacate the illegal orders of the Executive Committee as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

15) The adverse rulings against the Plaintiff by judges named above and the members of the Executive Committee are "derived from an extrajudicial source" or "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."*Liteky*, 510 U.S. at 555;

16) "Findings by a trial judge unsupported by the record are evidence that the judge has relied on extrajudicial sources in making such determinations indicating personal bias and prejudice." *Peacock Records, Inc. v. Checker Records, Inc.*, 430 F.2d 85, 89 (7th Circuit. 1970);

17) All the rulings against the Plaintiff by judges named above and the members of the Executive Committee are treason, violation of oath of office, judicial trespass, and fraud upon the court because the judges named above were disqualified from hearing any matter involving the Plaintiff due to their hatred and prejudice against the Plaintiff and his three minor children;

18) Further, Plaintiff was not provided Notice and Opportunity to be heard, Adequate Record of Review and Substantive Findings of Frivolousness and Harassment pursuant to *Ringgold-Lockhart v. County of Los Angeles*, No. 11-57231 (9th Cir. 2014), before the Executive Committee entered restricted filer orders against the Plaintiff as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

19) Further, the 7th Circuit remained silent on *Ringgold-Lockhart v. County of Los Angeles*, No. 11-57231 (9th Cir. 2014) when it affirmed the Executive Committees Orders against the Plaintiff as a public policy or under the color of rule, law, statute or constitution of the Defendant United States;

20) Further, most of the cases filed by Plaintiff in the District Court cannot be taken into account when entering restricting orders against Plaintiff pursuant to *Goolsby v Gonzalez*, Case # 11-cv-00494-LJO-GSA-PC, (E.D.Cal);

21) Further many of the cases filed in the District Court in which the Plaintiff is involved were removed by the Defendants to the District Court from State courts and such cases can also be not taken into account when entering restricting orders against the Plaintiff pursuant to *Goolsby v Gonzalez*, Case # 11-cv-00494-LJO-GSA-PC, (E.D.Cal);

4

22) Further, Case law which dismisses a suit under Rule 8 violation for not allowing Plaintiff to amend his complaint even once after the court invoked Rule 8 violation as a public policy or under the color of rule, law, statute or constitution of the Defendant United States in violation of various decisions of the 7th Circuit court and other Circuits, by J.Blakey in concert with the judges named above and the members of the Executive Committee in retaliation for his lawsuit against J.Blakey and several other judges of the District Court and the 7th Circuit;

23) Litigiousness alone is not enough, either: "'The plaintiff's claims must not only be numerous but also be patently without merit.'" *Molski*, 500 F.3d at 1059 (quoting *Moy*, 906 F.2d at 470);

24) Already a judge (J.Tharp) of the District Court has refused to follow Executive Committee's illegal orders against the Plaintiff. Judge Tharpe has not sent *Mohammed v T-Mobile USA Inc*, Case # 21-cv-2706 (N.D.Ill) to the Executive Committee for review as he does not feel that cases that were removed by the Defendants from the State Courts to the District Court can be reviewed by the Executive Committee. Plaintiff has informed Judge Tharp about the existence of the Executive Committee Orders against him, and Judge Tharp has acknowledged that he is aware of the Executive Committee Orders against Plaintiff;

25) Further, when J.Tharp refused to forward *Mohammed v T-Mobile USA Inc*, Case # 21-cv-2706 (N.D.Ill) and *Mohammed v Prairie State Legal Services Inc et.al*, Case # 21-cv-4697 (N.D.Ill) to the Executive Committee, members of the Executive Committee usurped those matters from J.Tharp;

26) Further, the Executive Committee summarily dismissed *Mohammed v Prairie State Legal Services Inc et.al*, Case # 21-cv-4697 and Case # 21-cv-5777 (N.D.Ill) in a summary manner without a hearing based on the fake order of the 7th Circuit against Plaintiff and the Executive Committee is refusing to provide a copy of the so-called 7th Circuit order based on which they summarily dismissed Case # 21-cv-4697 and Case # 21-cv-5777 (N.D.Ill).

27) Further, based on the fake 7th Circuit order, the Executive Committee has threatened the Plaintiff with false criminal charges, false arrest, false imprisonment, further extortion, and further filing restrictions upon the Plaintiff;

28) Further, the United States Attorney for the Northern District of Illinois, John Lausch Jr (hereinafter Lausch), and Assistant United States Attorney, Thomas Walsh (Walsh) has condoned the above-described actions by the officers of the Defendant United States and certified all the action as described above as actions taken by officers of the United States in course of their employment;

29) Further officers of the United States extorted $910.00 from the Plaintiff in form of court fees which Plaintiff does not owe, and they are further extorting several thousand dollars from Plaintiff;

30) Further the members of Executive Committee presided over *Mohammed v Bruton*, Case # 21-cv-5688 (N.D.Ill) when in fact members of Executive Committee were Defendants *Mohammed v Bruton*, Case # 21-cv-5688 (N.D.Ill) as a public policy or under the color of rule, law, statute or constitution of the Defendant United States and got *Mohammed v Bruton*, Case # 21-cv-5688 (N.D.Ill) to be dismissed in a s ((ummary manner without a hearing. It is long settled doctrine that a Defendant cannot be a Judge in his/her own case;

31) Further on November 18, 2021, the 7th Circuit entered an order to extort $5000.00 from the Plaintiff as a public policy or under the color of rule, law, statute or constitution of the Defendant United States and the

5

order setting a status on this Motion. If the Plaintiff fails to appear, the court may strike his filings and his
papers will be returned to him unfiled;

32)    Further on September 2, 2021, the Supreme Court of Illinois entered an order where it disqualified all the
justices of the Illinois Appellate Court for the Second District by taking cognizance of the Plaintiff's plight at
the hands of several judges of the DuPage County Circuit Court and the justices of the Illinois Appellate
Court for the Second District. The essence of the order of the Supreme Court of Illinois of September 2,
2021, is that because the Plaintiff is suing the several judges of the DuPage County Circuit Court and the
justices of the Illinois Appellate Court for the Second District, judges of the judges of the DuPage County
Circuit Court and the justices of the Illinois Appellate Court for the Second District cannot hear any matter
concerning the Plaintiff as a public necessity;

33)    The September 2, 2021, order of the Supreme Court of Illinois also applies to the judges of the District Court
and the 7th Circuit because the Plaintiff sued the judges of the District Court and the 7th Circuit;

34)    Despite Plaintiff's Motions for Disqualification of all the judges of the District Court and the 7th Circuit, both
the judges of the District Court and the 7th Circuit refused to recuse from presiding over cases involving the
Plaintiff and continued to preside over cases involving the Plaintiff despite being disqualified by the Supreme
Court of Illinois

## APPLICATION OF TAKINGS CLAUSE OF THE 5th AMENDMENT OF THE UNITES STATES CONSTITUTION IN THIS CASE

14. A lawsuit is property. A Plaintiff has a private property right in his claim of action—i.e., in the right to sue—and in
his lawsuit once filed. The United States Constitution, as well as those of the several States, specifically protects private
property rights; (U.S. CONST. amend. V ("No person shall be . . . deprived of . . . property, without due process of
law"); *id.* ("nor shall private property be taken for public use, without just compensation"); U.S. CONST. amend. XIV
§ 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law"). Similarly, every
state except North Carolina has a takings clause. *See* David A. Dana & Thomas W. Merrill, Property: Takings 2
(Foundation Press 2002), accordingly, a claim of action in some instances warrants constitutional protection from
interference by state or federal government. In evaluating whether a legal claim is a form of property for constitutional
purposes, one might begin with apparently straightforward judicial statements. Indeed, the Supreme Court of the
United States has "squarely" held that even an unadjudicated cause of action is constitutional property. Thomas
Merrill, *The Landscape of Constitutional Property*, 86 VA. L. REV. 885, 913 2000). In fact, in *Logan v. Zimmerman Brush Co.*,
the Court considered that proposition "settled," (*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) (considering
it "settled" that "a cause of action is a species of property") basing its assertion on *Mullane v. Central Hanover Bank &
Trust Co.*, 339 U.S. 306 (1950). In *Mullane*, the Court had held that a proceeding by the Bank for a judicial settlement
of its accounts was in part unconstitutional, because of the potential to limit beneficiaries' property rights. The
Supreme Court of the United States made explicit almost a century ago: "[The eminent domain] power extends to
tangibles and intangibles alike. A *chose in action*, a charter, or any kind of contract, are, along with land and movables,
within the sweep of this sovereign authority." (This seems so despite an evident favoritism for land in terms of
affording takings protection. *E.g.*, Peñalver, *supra* note 7 (noting such a favoritism, though in the context of regulatory
takings doctrine rather than physical takings). The Plaintiff's causes of action and $910.00 were taken by the Defendant

6

United States for public use without just compensation to the Plaintiff and in simple words, Plaintiff's causes of actions were taken by the Defendant United States to protect white Defendants and government Defendants from liabilities without any just compensation to the Plaintiff.

## CLAIMS

15. Based on the foregoing the Defendant United States has violated the takings clause of the 5th Amendment of the United States Constitution which entitle the Plaintiff to recover monetary damages from the Defendant United States.

## RELIEF

16. Plaintiff is requesting monetary damages in the amount of $100,000,000.00 from the Defendant United States.

Dated-: November 18, 2021

Respectfully Submitted,

/s/ Abdul Mohammed,
258 East Bailey Rd., Apt. C
Naperville, IL 60565
Ph.630-854-5345

# EXHIBIT-Z2

STATE OF ILLINOIS )
                  ) ss
COUNTY OF COOK )                         FILE NO (S) <u>2017CP2125</u>

## <u>AFFIDAVIT OF SERVICE</u>

       Veronica Lewis, being first duly sworn, on oath states that she served a copy of

the attached <u>ORDER OF CLOSURE</u> on each person named below by depositing same

this 25th day of September, 2017, in the U.S. Mail Box at 100 West Randolph Street,

Chicago, Illinois, 60601, properly posted for FIRST CLASS U.S. MAIL, addresses as

follows:

---

Abdul Mohammed
258 E. Bailey Rd.
Apt. #C
Naperville, IL  60565

Dan Feeney
Miller Shakman
180 N. LaSalle
Suite 3600
Chicago, IL  60601

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Veronica Lewis

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF: )
)
ABDUL MOHAMMED, ) CHARGE NO. 2017CP2125
) EEOC NO. N/A
COMPLAINANT, )
AND )
)
LITTLER MENDELSON PC, )
)
)
RESPONDENT. )

## ORDER OF CLOSURE

Charge Number 2017CP2125 having been filed with the Department of Human Rights

by Complainant against Respondent, and Complainant having submitted a written

request to withdraw the charge pursuant to the Department's Rules and Regulations;

NOW, THEREFORE, it is hereby ORDERED that Complainant's request to withdraw is

approved and that Complainant's charge(s) be and the same is (are) closed.

ENTERED THIS 25th DAY OF SEPTEMBER, 2017

DEPARTMENT OF HUMAN RIGHTS

BY: _____

Brent A. Harzman, Manager
Charge Processing Division

# STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS
### INVESTIGATION REPORT

IDHR NO.:   2017CP2125                    EEOC NO.:   N/A

COMPLAINANT                              RESPONDENT
Abdul Mohammed                           Littler Mendelson PC

**I.   RECOMMENDATION**        **II.   DATES**

    X WITHDRAWN                    CHARGE FILED: 12/17/16

    _ ADJUSTED AND WITHDRAWN        CHARGE PERFECTED: 04/03/17

**III.   ACTION:** Denial of the full and equal enjoyment of Respondent's facility.

    **BASIS:** Retaliation.

    **RELIEF/REASON FOR WITHDRAWL:**

| | | |
|---|---|---|
| ☐ Monetary: | | |
| ☐ Letter of Reference | ☐ | Posting of Notice / Policy Change |
| ☐ Training: | ☐ | Procedural / Practice Change |
| ☐ Accommodation Provided | ☐ | External Monitoring / Compliance Report |

☒ Other: Complainant stated that he realized that Respondent is not a place of public accommodation within the Illinois Human Rights Act, and therefore wished to withdrawal his discrimination charge.

---

Is Complainant withdrawing for a Right to Sue or withdrawing from IDHR for EEOC to investigate?                                                    ☐ Yes   ☒ No

• If yes, was substantial work done?                                             ☐ Yes   ☐ No

• If yes, identify the work:   ☐ Investigation Report   ☐ RP Questionnaire Response   ☐ FFC Held

    Date of work:      Received: _____    104: _____

_____        / September 13, 2017 /        _____
Investigator Michael T. Sherman              Date              Supervisor Charles B. Dunlap

11 AW WD Report Form.docm
11/16

## VOLUNTARY WITHDRAWAL REQUEST FORM

RESPONDENT: Littler Mendelson P.C.

COMPLAINANT: Abdul Mohammed

I hereby request to withdraw my charge filed against the above named Respondent with the Illinois Department of Human Rights (Charge Number <u>2017CP2125</u>).  Withdrawal is being made of my own free will, without pressure from any organization or individual.

If I am withdrawing this charge because I have reached a settlement with the Respondent, which has not been approved by both the Department and the Human Rights Commission, those agencies cannot enforce that settlement.

I understand that the withdrawal of my charge is effective upon receipt by the Department of my signed and dated Voluntary Withdrawal Request Form.  The Department will then issue an Order of Closure as soon as administratively feasible and will not otherwise delay processing.

_____
Signature

_____
09|13|2017
Date

NOTE:    The Department of Human Rights will not accept or process a Voluntary Withdrawal Request Form with different, additional, edited or changed text from its standard form above.

6N Voluntary Withdrawal Request Form C N P R.docm
10/16

#17W1214.09

## STATE OF ILLINOIS
## ILLINOIS DEPARTMENT OF HUMAN RIGHTS

**CHICAGO OFFICE**
**100 WEST RANDOLPH STREET**
**SUITE 10-100 INTAKE UNIT**
**CHICAGO, ILLINOIS 60601**
**(312) 814-6200**
**(866) 740-3953 TTY**

**SPRINGFIELD OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**222 SOUTH COLLEGE ST., ROOM 101**
**SPRINGFIELD, ILLINOIS 62704**
**(217) 785-5100**
**(866) 740-3953 TTY**

### CHARGE NO.: 2017CP2125
### PUBLIC ACCOMMODATION CHARGE

I, Mr. Abdul Mohammed, 258 E. Bailey Road, Apt. C, Naperville, IL 60565, (630) 597-3098, believe that I have been personally aggrieved by a civil rights violation committed on November 10, 2016, by:

**RESPONDENT**

Littler Mendelson PC
321 N. Clark, Suite 1000
Chicago, IL  60654
(312) 372-5520



Dept. of Human Rights
INTAKE UNIT

APR 06 2017

RECEIVED

By:

The particulars of the alleged civil rights violation are as follows:

I.    A.    **ISSUE/BASIS**
**DENIAL OF THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITY – NOVEMBER 10, 2016, IN RETALIATION FOR FILING PREVIOUS DISCRIMINATION CHARGES**

B.    **PRIMA FACIE ALLEGATIONS**

1.    In 2015, I filed at least 4 charges of discrimination against clients of Respondent, a law firm, with the Illinois Department of Human Rights.

2.    Respondent is a place of public accommodation.

3.    On November 10, 2016, I entered a multi-business building located at 321 N. Clark, Chicago, IL. Respondent is one of its many tenants. While I was in the building, in a separate business, Respondent notified security that I should not be allowed in the building. Security escorted me out of the building and threatened me not to return.

4.    The adverse action followed the filing of my previous charge within such a period of time as to raise an inference of retaliatory motivation.

Page 1 of 2

*"return this copy"*

Charge Number: 2017CP2125
Complainant: Abdul Mohammed
Page 2 of 2

I, _____ **Abdul Mohammed** _____, on oath or affirmation state that I am the Complainant herein, that I have read the foregoing charge and know the contents thereof, and that the same is true and correct to the best of my knowledge.

_____
Complainant's Signature / Date

*(Notary Must Witness Signatures)*

Subscribed and Sworn to

Before me this ___ _03_ ___ day

of ___ _APRIL_ ___, _2017_ .

_____
Notary Public Signature

MICHELE ZAJAC
Official Seal
Notary Public - State of Illinois
My Commission Expires Oct 24, 2020

_____
Notary Seal

IDHR/CP FORM #6
(Rev. 7/12)

"return this copy"

Charge No: <u>2017CP2125</u>

Dear Respondent:

A charge of unlawful discrimination (charge) alleging that you have violated the provisions of the Illinois Human Rights Act (see the Illinois Compiled Statutes, 775 ILCS 5/1-101) was filed with the Illinois Department of Human Rights ('IDHR').

Please provide IDHR with the following information for your contact person. The contact person would be your legal representative in responding to this charge of unlawful discrimination (charge):

Name:  Daniel M. Feeney                         Title:  Attorney for Littler Mendelson

Firm/Company Name:  Miller Shakman & Beem LLP

Address:  180 North LaSalle Street                         Suite No.:  3600

City:  Chicago            State:  Illinois        ZIP:  60601

Direct Phone #:  312-759-7246           Fax #:        312-263-3270

Cell Phone #:  773-972-1215

Email:        dfeeney@millershakman.com

By providing this information, IDHR will serve any and all notices upon the contact person listed above for a period of two (2) years, unless you earlier notify IDHR in writing of a different contact person.

Please direct your letter to the attention of:

| **('C' in the Charge Number):** | **('S' in the Charge Number):** |
|---|---|
| By Mail: Unassigned Case Unit-Chicago | Unassigned Case Unit-Springfield |
| Illinois Department of Human Rights | Illinois Department of Human Rights |
| 100 West Randolph, Suite 10-100 | 222 South College St., Rm. 101 |
| Chicago, IL 60601 | Springfield, IL 62704 |
| Fax #:   (312) 814-6251 | (217) 785-5106 |

If you have any questions regarding the above information, please contact the Intake Division at (312) 814-6201. **Please return within 10 days.**

Thank you for your cooperation in this matter.

Sincerely,
Intake Unassigned Case Unit
Intake Division
Rev. 04/16

# MILLER SHAKMAN & BEEM LLP

ATTORNEYS AND COUNSELORS

180 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 263-3700
FACSIMILE (312) 263-3270

## FACSIMILE COVER SHEET

| Name | Company | Fax Number |
|---|---|---|
| | ILLINOIS DEPARTMENT OF HUMAN RIGHTS | 312-814-6251 |
| | | |
| | | |

| FROM: | Daniel M. Feeney | Page(s): | 2 |
|---|---|---|---|
| RE: | Charge No. 2017CP2125 | Date: | 09-13-2017 |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

| ☒ Original will **not** follow. | ☐ Original will follow by: First-Class Mail |
|---|---|
| | ☐ Certified Mail, RRR |
| | ☐ UPS Mail |
| | ☐ Other |

● **Comments:** (THIS IS CONFIDENTIAL TO THE ADDRESSEE(S) ONLY.)

Attached please find our appearance in the above-referenced charge.

Thank you.

The information contained in this facsimile message is Proprietary and Confidential information intended only for the use of the individual or entity named as recipient. If the reader is not the intended recipient, be hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please call us immediately, at our expense. Thank you.

# REQUEST

# FOR

# REVIEW

# RESPONDENT

# SECTION



# COMPLAINANTS SECTION

## VOLUNTARY WITHDRAWAL REQUEST FORM

RESPONDENT: Littler Mendelson P.C.

COMPLAINANT: Abdul Mohammed

I hereby request to withdraw my charge filed against the above named Respondent with the Illinois Department of Human Rights (Charge Number 2017CP2125). Withdrawal is being made of my own free will, without pressure from any organization or individual.

If I am withdrawing this charge because I have reached a settlement with the Respondent, which has not been approved by both the Department and the Human Rights Commission, those agencies cannot enforce that settlement.

I understand that the withdrawal of my charge is effective upon receipt by the Department of my signed and dated Voluntary Withdrawal Request Form. The Department will then issue an Order of Closure as soon as administratively feasible and will not otherwise delay processing.

_____
Signature

_____
Date     09/13/2017

NOTE:       The Department of Human Rights will not accept or process a Voluntary Withdrawal Request Form with different, additional, edited or changed text from its standard form above.

6N Voluntary Withdrawal Request Form C N P R.docm
10/16

# INTAKE

# SECTION



CHARGE NO: 2017CP2125

STATE OF ILLINOIS    )
                         ) SS
COUNTY OF COOK      )

Donna Evans, DEPOSES AND STATES THAT SHE DID SERVE A COPY OF THE ATTACHED ON THE  17th  DAY OF  April , 2017 BY REGULAR MAIL/CERTIFIED MAIL, FROM THE STATE OF ILLINOIS, 100 WEST RANDOLPH STREET, JAMES R. THOMPSON CENTER, 10TH FLOOR, SUITE 10-100, CHICAGO, ILLINOIS 60601.

      x    NOTICE OF PERFECTED CHARGE TO *RESPONDENT*

      x    NOTICE OF PERFECTED CHARGE TO *COMPLAINANT*

      x    COPY OF CHARGE

      x    IDHR NOTICE TO PARTIES ON CREDIBILITY

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Donna Evans, *Office Coordinator*

April 17, 2017
Date

Rev: 6/09
#1



#17W1214.09

## STATE OF ILLINOIS
## ILLINOIS DEPARTMENT OF HUMAN RIGHTS

**CHICAGO OFFICE**
**100 WEST RANDOLPH STREET**
**SUITE 10-100 INTAKE UNIT**
**CHICAGO, ILLINOIS 60601**
**(312) 814-6200**
**(866) 740-3953 TTY**

**SPRINGFIELD OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**222 SOUTH COLLEGE ST., ROOM 101**
**SPRINGFIELD, ILLINOIS 62704**
**(217) 785-5100**
**(866) 740-3953 TTY**

### CHARGE NO.: 2017CP2125
### PUBLIC ACCOMMODATION CHARGE

I, Mr. Abdul Mohammed, 258 E. Bailey Road, Apt. C, Naperville, IL 60565, (630) 597-3098, believe that I have been personally aggrieved by a civil rights violation committed on November 10, 2016, by:

**RESPONDENT**

Littler Mendelson PC
321 N. Clark, Suite 1000
Chicago, IL  60654
(312) 372-5520



The particulars of the alleged civil rights violation are as follows:

I.   A.   **ISSUE/BASIS**
         **DENIAL OF THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITY – NOVEMBER 10, 2016, IN RETALIATION FOR FILING PREVIOUS DISCRIMINATION CHARGES**

     B.   **PRIMA FACIE ALLEGATIONS**

         1.   **In 2015, I filed at least 4 charges of discrimination against clients of Respondent, a law firm, with the Illinois Department of Human Rights.**

         2.   **Respondent is a place of public accommodation.**

         3.   **On November 10, 2016, I entered a multi-business building located at 321 N. Clark, Chicago, IL. Respondent is one of its many tenants. While I was in the building, in a separate business, Respondent notified security that I should not be allowed in the building. Security escorted me out of the building and threatened me not to return.**

         4.   **The adverse action followed the filing of my previous charge within such a period of time as to raise an inference of retaliatory motivation.**

Page 1 of 2



**Charge Number:  2017CP2125**
**Complainant:  Abdul Mohammed**
**Page 2 of 2**

I,   __Abdul Mohammed__   , on oath or affirmation state that I am the Complainant herein, that I have read the foregoing charge and know the contents thereof, and that the same is true and correct to the best of my knowledge.

_____
**Complainant's Signature / Date**

*(Notary Must Witness Signatures)*

Subscribed and Sworn to

Before me this ___03___ day

of ___APRIL___ , _2017_ .

```
MICHELE ZAJAC
Official Seal
Notary Public - State of Illinois
My Commission Expires Oct 24, 2020
```

_____                    _____
      Notary Public Signature                         **Notary Seal**

IDHR/CP FORM #6
(Rev. 7/12)

"Return this copy"



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

## CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights (IDHR) is under a federal-court injunction that, among other things, orders the IDHR:

'To cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination'.

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The IDHR cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the IDHR should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the IDHR to make a finding of fact as to conflicting evidence, the IDHR will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines 'substantial evidence' as:

'Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance'. Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The IDHR's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The IDHR's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The IDHR will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the IDHR will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the IDHR will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)



ILLINOIS DEPARTMENT OF
**Human Rights**

Bruce Rauner, Governor
Janice Glenn, Acting Director

April 17, 2017

LITTLER MENDELSON PC
321 N. CLARK #1000
CHICAGO, IL 60654

Complainant: ABDUL MOHAMMED
Charge No.: 2017CP2125

Dear Respondent:

The above-named Complainant has filed the attached charge alleging that you have violated a provision of the Illinois Human Rights Act ('Act'). See the Illinois Compiled Statutes, 775 ILCS 5/1-101 et. seq. The Act prohibits discrimination in the areas of Employment, Financial Credit, Real Estate Transactions, Public Accommodations, and Sexual Harassment in Education.

There are three statutory requirements for a Respondent to a charge filed under the Act. First, you must file a Verified Response to each allegation in the attached charge within 60 days; the Act does not permit IDHR to grant an extension of the 60 days. A sample Verified Response and Certificate of Service is enclosed for your assistance. The Verified Response must:

- State for each allegation, either an affirmation, denial, or that Respondent is without sufficient information to form a belief with respect to such allegation;
- Contain a notarized statement that the Verified Response is true and correct;
- Be filed with IDHR within 60 days of the date of receipt of this notice; and
- Also be sent to Complainant or Complainant's representative with a Certificate of Service or similar document filed with IDHR.

Second, upon assignment, IDHR's investigator will advise you of the scheduled date for the fact-finding conference. Unless good cause is shown, the department may issue a Notice of Default to a Respondent for failing to file a timely Verified Response or for failing to attend the fact finding conference.

Third, you must provide pertinent information to IDHR upon request. IDHR requires that you file a Position Statement in response to the charge within 60 days of receipt of this notice. If you combine your Position Statement with your Questionnaire Response, you must clearly state in your Position Statement that the two documents have been combined. You are required to preserve and maintain all records, including paper, electronic, or other formats, pertaining to this charge. Your failure to provide pertinent information upon request may be construed against you.

IDHR also requires that within 60 days of receipt of this notice, you must provide a full Response to the enclosed Questionnaire. Please redact any Social Security Numbers from documents you submit to IDHR.

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

Please address (1) the Verified Response, (2) the Response to the Questionnaire, and (3) the Position Statement to: Illinois Department of Human Rights, Intake Unassigned Case Unit, 100 West Randolph Street, James R. Thompson Center, 10th Floor, Suite 10-100, Chicago, Illinois 60601.

IDHR strongly encourages the parties to settle the charge as an alternative to the investigation. Any settlement is treated confidentially and is not an admission of a violation of the Human Rights Act.

Sincerely,

Unassigned Case Unit
Intake Division
(312) 814-6207

Enclosures

INTAKE/IN-5 FC, PA, SH

REV 4/17

Charge No: 2017CP2125          Complainant: ABDUL MOHAMMED

Respondent: LITTLER MENDELSON PC

## RESPONDENT QUESTIONNAIRE

## NOTE THAT LIST OR SUMMARIES OF DATA REQUESTED MUST BE SUPPORTED BY COPIES OF UNDERLYING DOCUMENTS WITHOUT EXCEPTION.

1.     State the full legal name and address of Respondent named herein, and describe briefly the type of work carried on by Respondent at this address.

2.     State the name, title and telephone number of the individual from whom further information concerning the charge may be obtained.

3.     In addition to the information requested herein, please provide a written position statement on each of the allegations of the charge. For each person having direct knowledge of the allegation(s), provide name, title and a phone number where the person may be reached for questioning. You may also include any documentary evidence, affidavits, and other written statements, where appropriate, including any additional information and explanation you deem relevant to the charge.

On the issue of Equal Enjoyment of the Facility

4.     Address how other customers were treated in the same situation where Complainant is alleging unequal treatment, especially those named or referred to in the charge. For each, provide:
     a.     Name.
     b.     Service(s) requested.
     c.     Service(s) rendered.

5.     State whether there were any witnesses to the incidents alleged in the charge. If yes, Provide the following information for each:
     a.     Name.
     b.     Title.
     c.     Telephone number where he/she can be reached for questioning.

**Important Information regarding the Process of
Verified Response/Questionnaire/Position Statement**

As Respondent, you are required to submit the following documents to the Illinois Department of Human Rights ('IDHR'):  (1) Verified Response, (2) Answer to the Questionnaire, and (3) Position Statement.  Mail or hand-deliver these documents to the correct location below.  **DO NOT FAX**.

Your Verified Response must:
- Be filed with IDHR at the correct location below **within 60 days** from the date of receipt of the charge.  IDHR **will not grant** extension requests to file the Verified Response.  IDHR **requires original documents**.
- Include proof that you also sent a copy of of the Verified Response to Complainant.  Complainant should receive a copy of only the Verified Response.
- Be filed as a separate document.  The Verified Response cannot be combined with your Answer to the Questionnaire or the Position Statement.

If you require additional time to file your Answer to the Questionnaire and/or Position Statement, IDHR will grant you a two week extension.  You need to fax to IDHR a confirmation letter stating that you would like a two week extension (see Fax number below).  The time starts the date requested and is automatically granted to you.  If IDHR has any concerns, someone will contact you.  Fax this letter to the Attention: 'Unassigned Case Unit:' to the office location identified below.

If you get Legal Counsel, give a copy of the entire IDHR packet to your Legal Counsel.

If you are interested in Mediation, contact the IDHR Mediation Unit at (312) 814-6889.

If you responded to the same charge served by EEOC, you must still respond to the IDHR charge.  IDHR may adopt the EEOC determination and findings and will notify you at a later date.  Please see Section 7A-102(A-1) of the Illinois Human Rights Act.  **DO NOT SEND EEOC A COPY OF YOUR RESPONSE**.


**LOCATION FOR MAIL OR HAND-DELIVERY:**
The IDHR location to submit your Verified Response, Answer to the Questionnaire and Position Statement depends on your charge number.  Do not fax these documents:


|  | **('C' in the Charge Number):** | **('S' in the Charge Number):** |
|---|---|---|
| By Mail: | Unassigned Case Unit-Chicago<br>Illinois Department of Human Rights<br>100 West Randolph, Suite 10-100<br>Chicago, IL 60601 | Unassigned Case Unit-Springfield<br>Illinois Department of Human Rights<br>222 South College St., Rm. 101<br>Springfield, IL 62704 |

Fax # (*for extension requests only*):
       (312) 814-6251                  (217) 785-5106

Charge No:  2017CP2125

Dear Respondent:

A charge of unlawful discrimination (charge) alleging that you have violated the provisions of the Illinois Human Rights Act (see the Illinois Compiled Statutes, 775 ILCS 5/1-101) was filed with the Illinois Department of Human Rights ('IDHR').

Please provide IDHR with the following information for your contact person.  The contact person would be your legal representative in responding to this charge of unlawful discrimination (charge):

Name: _____  Title: _____

Firm/Company Name: _____

Address: _____  Suite No.: _____

City: _____  State: _____  ZIP: _____

Direct Phone #: _____  Fax #: _____

Cell Phone #: _____

Email: _____

By providing this information, IDHR will serve any and all notices upon the contact person listed above for a period of two (2) years, unless you earlier notify IDHR in writing of a different contact person.

Please direct your letter to the attention of:

| **('C' in the Charge Number):** | **('S' in the Charge Number):** |
|---|---|
| By Mail:  Unassigned Case Unit-Chicago | Unassigned Case Unit-Springfield |
| Illinois Department of Human Rights | Illinois Department of Human Rights |
| 100 West Randolph, Suite 10-100 | 222 South College St., Rm. 101 |
| Chicago, IL 60601 | Springfield, IL 62704 |
| Fax #:  (312) 814-6251 | (217) 785-5106 |

If you have any questions regarding the above information, please contact the Intake Division at (312) 814-6201. **Please return within 10 days**.

Thank you for your cooperation in this matter.

Sincerely,
Intake Unassigned Case Unit
Intake Division
Rev. 04/16

## SAMPLE VERIFIED RESPONSE
## STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| (name) | ) |
| | ) |
| Complainant, | )    Charge No.: |
| | )    EEOC No.: |
| and | ) |
| | ) |
| (name) | ) |
| | ) |
| Respondent. | ) |

NOW COMES the Respondent, _____, and responds to the Charge of Discrimination filed against it by the Complainant, ____, as follows:

(Note:  The Verified Response should continue and respond to as many points by letter and number as are in the charge.  The following points are used as examples only; the charge you received may contain many more lettered and numbered points.)

      I.     A.     ISSUE/BASIS

           C.     PRIMA FACIE ALLEGATIONS  (These are the specific allegations Complainant is charging against you.)  You need to respond to each numbered allegation, using whatever response applies in this particular case:
1. Respondent admits that….or Respondent denies that….
2. Respondent denies all the allegations in paragraph _____of the Charge
3. Respondent lacks sufficient knowledge to answer and demands a more definite statement that…..
4. Respondent denies that it discriminated against Complainant.

Respectfully submitted,
(Respondent name)

By: _____
       (name/title)

***Now you must verify your responses and provide a statement that you gave or mailed a copy of your response to the complainant as indicated on the next page.***

(Continued to page two.)

## SAMPLE VERIFICATION STATEMENT
VERIFICATION

STATE OF ILLINOIS        )
                             ) SS

COUNTY OF _____ )

 (Name)_____ being first duly sworn, deposes and says that he/she
is  (title)_____ of  (Respondent)_____; that he/she has
read the foregoing verified response to the charge of discrimination; that he/she knows
the contents thereof; and that said response is true and correct to the best of his/her
knowledge, information and belief.

           (signature)_____
           (name)

SUBSCRIBED and SWORN to before me

This _____ day of _____, 20--
_____
Notary Public

**Instructions:**

4.     A person with knowledge of the facts **must sign the verification**. Unless
         Respondent's attorney has first-hand knowledge of the facts of the charge,
         Respondent's attorney cannot sign. (Usually, Respondent's Human
         Resources Manager has sufficient knowledge to sign.)

5.     If Respondent's attorney signs the response, then Respondent's attorney
         must provide his/her name, law firm name, address, and telephone number
         on the response.

6.     In order for the Verified Response to be complete, **a copy of the response**
         **must be served on the Complainant by mail or other means**, and you
         must indicate to the Department by a Certificate of Service or other written
         statement that you have done so.

## SAMPLE CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing Verified Response to the
charge of discrimination was served upon:
      Complainant Name
      Address
      Address
By depositing same in the U.S. Mail at (address)_____, (city)_____, IL  (zip code) on
the ___day of _____, 20--.

_____
Name



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

April 17, 2017

ABDUL MOHAMMED
258 E. BAILEY ROAD
APT. C
NAPERVILLE, IL 60565

RE:     Charge No.: 2017CP2125
        Respondent: LITTLER MENDELSON PC
Complaint or Civil Action Filing Dates: **4/4/2018   through   7/2/2018**

Dear Complainant:

You have filed a discrimination charge under the Human Rights Act. A copy of the charge has been served on the Respondent. Keep this letter for reference if you need to telephone the Illinois Department of Human Rights ('IDHR'). If there is an 'A', 'E', or 'F' in your charge number, we are enclosing an important notice from the Federal Equal Employment Opportunity Commission ('EEOC') because your charge has been automatically filed with that agency.

You are required to preserve and maintain all records, including paper, electronic, or other formats, pertaining to this charge. If your charge involves the basis of disability, IDHR requires that two additional forms be completed to determine whether IDHR has jurisdiction over your identified medical condition. If we do not have copies of these documents in your file, we have included copies with this notice.

1)      Verification of Disability.
Please give the Verification of Disability form to your physician for completion. Request your physician return the completed form by mail to IDHR's address below within 30 days of your receipt of this notice; and

2)      Consent form.
The consent form allows IDHR to review your physician's documentation. Please fill out the consent form and return it to IDHR, again, within 30 days of your receipt of this notice.

If your charge does not involve the basis of disability, then the Verification of Disability and Consent Forms are not needed and are not enclosed.

When a fact-finding conference is scheduled, you will be advised of the date. It is your responsibility to cooperate with IDHR's investigation and provide all pertinent information you have concerning the case by the dates requested.

You have the right to file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court if IDHR has not completed your case by issuing its report of findings within 365 days from the date you filed your PERFECTED signed and notarized charge or within any extension of that time to which you and the Respondent have agreed in writing.

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

Within 90 days of the expiration of the 365 days or extension (see above paragraph), if you choose, you may file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court. We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside of this 90-day period, the Commission may dismiss your complaint; or, your civil action may be deemed untimely

Once 455 days (or the extended time) have passed, IDHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Commission, or commenced a civil action in the appropriate circuit court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case. If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with Section (7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Commission on IDHR, on the same day that you file a complaint with the Commission. The Commission will then schedule a hearing for your case before an Administrative Law Judge. If you commence a civil action in a circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. If you file a complaint with the Human Rights Commission, you may not later commence a civil action in circuit court.

You must advise IDHR of all changes of name, address, or telephone numbers. If you do not do so, IDHR may dismiss your case if it cannot locate you.

1509-0059 IN-6 NON-MED
Rev. 4/17

Charge Number:  2017CP2125          Complainant:  ABDUL MOHAMMED

Respondent:  LITTLER MENDELSON PC

## COMPLAINANT QUESTIONNAIRE

In order to assist the IDHR in investigating your charge, please complete and return the following questionnaire to the IDHR <u>within 30 days</u> of the date you received this questionnaire.
- If you are represented by an attorney, consult with your attorney prior to completing this questionnaire.
- Provide your answers on a separate sheet of paper.  Identify the question number for each response. Use additional sheets as necessary.
- If you are not sure of the answer to any question, you may leave the question blank and the investigator will follow up with you at a later time.

Provide a copy of any documents (such as letters, journals, emails, or other evidence), which relate to the charge allegations.

1.      In your charge, you allege that Respondent denied you the full and equal enjoyment of the facility, goods and/or services.  Describe the services and/or activities offered by Respondent.

2.      What service or activity did you want or seek?  Be specific.

3.      What were the qualifications or eligibility requirements to receive the service or participate in the activity?  Explain and provide a copy of any related documents, if available.

4.      When did you seek or request the service or activity?

5.      How did you seek or request the service or activity?  Describe what you did and when you did it.

6.      When and who denied you the service or activity?  Include date, name, position and .

7.      How did you become aware the service or activity was denied?  (i.e. Orally, Written, etc.) Provide a copy of the written notice, if available.

8.      List the reason(s) why you feel you were entitled to receive the service or activity.  Be specific.

9.      Did you file a complaint with Respondent about the denial of the service or activity?  If yes, when and what was the result of the complaint?  Provide any documents related to that complaint, if available.

10.     Has anyone else received the service or activity?  If yes, explain.  Include date, name, position and .

11.     How were you treated differently from persons who were not similar to you in ?  Be specific. Include dates, names, positions and .

12.     Why do you believe Respondent denied you the service because of your ?

13.     What do you want to happen as a result of filing your charge?

CHARGE NO:  <u>2017CP2125</u>

STATE OF ILLINOIS        )
                                  ) SS
COUNTY OF COOK       )

<u>Nene LaChance</u>, DEPOSES AND STATES THAT THEY DID SERVE A COPY OF THE ATTACHED ON THE  <u>23rd</u>  DAY OF  <u>March</u> , 2017 BY REGULAR MAIL/CERTIFIED MAIL, FROM THE STATE OF ILLINOIS, 100 WEST RANDOLPH STREET, JAMES R. THOMPSON CENTER, 10TH FLOOR, SUITE 10-100, CHICAGO, ILLINOIS 60601.

      x      NOTICE OF UNPERFECTED CHARGE TO *RESPONDENT*

      x      NOTICE OF UNPERFECTED CHARGE TO *COMPLAINANT*

      x      COPY OF CHARGE

      x      IDHR NOTICE TO PARTIES ON CREDIBILITY

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that they verily believes the same to be true.

*Nene LaChance*

Nene LaChance, *Office Associate*

<u>March 23, 2017</u>
*Date*

Rev: 6/09
#1



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

March 23, 2017

ABDUL MOHAMMED
258 E. BAILEY ROAD
APT. C
NAPERVILLE, IL 60565

Charge No:     2017CP2125
Respondent:   LITTLER MENDELSON PC

Dear Complainant:

Enclosed please find a formal statement of charge which is based on information IDHR has received from you and which has been docketed as an unperfected charge and assigned the above number. If your charge has the letter 'A', 'E', or 'F' in it, we are also enclosing an important notice from the Federal Equal Employment Opportunity Commission because you have automatically filed your charge with that agency as well. A copy of your charge has been mailed to Respondent.

You must take the following steps for IDHR to investigate your situation:

1)      Sign and date the charge in the presence of a notary public.

2)      Return forms by this due date: April 6, 2017
        Attn: Intake Division

DO NOT WRITE ON THE CHARGE. If the charge is incorrect or incomplete, make any changes on a separate sheet of paper and return the charge immediately. We will incorporate the requested changes and return the charge to you for your signature and notarization.

If the signed and notarized charge is not returned by the due date, IDHR will assume that you do not wish to proceed with this matter and will recommend dismissal of your charge for your failure to proceed.

Sincerely,

INTAKE
Intake Division
(312) 814-6200

IN-8/IDHR



ILLINOIS DEPARTMENT OF

# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

## CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights (IDHR) is under a federal-court injunction that, among other things, orders the IDHR:

> 'To cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination'.

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The IDHR cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the IDHR should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the IDHR to make a finding of fact as to conflicting evidence, the IDHR will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines 'substantial evidence' as:

> 'Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance'. Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The IDHR's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The IDHR's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The IDHR will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the IDHR will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the IDHR will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)



ILLINOIS DEPARTMENT OF

# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

## CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights (IDHR) is under a federal-court injunction that, among other things, orders the IDHR:

> 'To cease permanently from relying on credibility determinations made without affording
> the rights of confrontation and cross-examination'.

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The IDHR cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the IDHR should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the IDHR to make a finding of fact as to conflicting evidence, the IDHR will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines 'substantial evidence' as:

> 'Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance'. Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The IDHR's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The IDHR's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The IDHR will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the IDHR will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the IDHR will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

March 23, 2017

CHIEF EXECUTIVE OFFICER
LITTLER MENDELSON PC
321 N. CLARK, SUITE #1000
CHICAGO, IL 60654

Charge No:     2017CP2125
Complainant:   ABDUL MOHAMMED

Dear Respondent:

The above named Complainant has filed a charge of unlawful discrimination ('charge') alleging that you have violated provisions of the Illinois Human Rights Act. See the Illinois Compiled Statutes, 775 ILCS 5/1-101 et seq.

IDHR has docketed this charge as an unperfected charge pursuant to its Rules and Regulations. Therefore, no reply is requested at this time. No investigation will be conducted unless the charge is perfected (signed and notarized).

Please provide IDHR in writing with the following information for your contact person:

Name, Title, Firm/Company Name, Address, Suite No., City, State, ZIP Code, Telephone Number, Fax Number, and Email Address.

The contact person would be your legal representative in responding to the above charge. By providing this information, any and all notices of charges against your company will be served upon the contact person listed above.

Should you have any questions, please contact me at (312) 814-6216.

Sincerely,

Raquel Guerra
Program Administrator
Intake Division

IN-7/IDHR
Rev. 01/14



### ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

March 23, 2017

Mr. Abdul Mohammed
258 E. Bailey Road, Apt. C
Naperville, IL 60565

Complainant's Initials: 

Re: Control Number: 2017CP2125
    Respondent: Littler Mendelson PC

Dear Complainant:

The Intake Unit of the Department of Human Rights is in receipt of your five (5) communications and two (2) discrimination charges has been prepared for you against the above named Respondents. However, the following information was not included in the discrimination charge for the following reason(s):

**During the Intake interview on December 29, 2016, we discussed the relationship between the 5 Respondent's. You stated that Littler Mendelson represented Wal-Mart, Uber Technologies, and Postmates, Inc., three clients you have cases against. However, on November 10, 2016, neither of those 3 clients denied you any use of their facility nor services. Because of this, no public accommodations charge was taken against them. You stated that you were escorted out of a building managed by Hines Property under the directive of Littler Mendelson, in retaliation for having filed charges against their clients. For this reason a charge has been prepared against both Littler Mendelson and Hines.**

If you still believe any of this information should be included in your charge, please provide your explanation in writing immediately. Make sure you include the **charge number or control number** indicated above on your letter.

If you do not submit your appeal in writing within ten (10) days of receipt of this letter, the Department will assume that you agree with the information above and we will investigate only the issues indicated in the charge. If you have other questions related to this matter, please contact me at (312) 814-6256.

Thank you for your cooperation in this matter.

Sincerely,

Diana Calderon
Human Rights Investigator
Intake Unit
IN2A
Rev. 7/16

Dept. of Human Rights
INTAKE UNIT

APR 06 2017

RECEIVED

By: _____ ICU

**"return this copy"**

ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

March 23, 2017

Mr. Abdul Mohammed
258 E. Bailey Road, Apt. C
Naperville, IL 60565

Complainant's Initials: _____

Re: Control Number: 2017CP2125
    Respondent: Littler Mendelson PC

Dear Complainant:

The Intake Unit of the Department of Human Rights is in receipt of your five (5) communications and two (2) discrimination charges has been prepared for you against the above named Respondents. However, the following information was not included in the discrimination charge for the following reason(s):

During the Intake interview on December 29, 2016, we discussed the relationship between the 5 Respondent's. You stated that Littler Mendelson represented Wal-Mart, Uber Technologies, and Postmates, Inc., three clients you have cases against. However, on November 10, 2016, neither of those 3 clients denied you any use of their facility nor services. Because of this, no public accommodations charge was taken against them. You stated that you were escorted out of a building managed by Hines Property under the directive of Littler Mendelson, in retaliation for having filed charges against their clients. For this reason a charge has been prepared against both Littler Mendelson and Hines.

If you still believe any of this information should be included in your charge, please provide your explanation in writing immediately. Make sure you include the charge number or control number indicated above on your letter.

If you do not submit your appeal in writing within ten (10) days of receipt of this letter, the Department will assume that you agree with the information above and we will investigate only the issues indicated in the charge. If you have other questions related to this matter, please contact me at (312) 814-6256.

Thank you for your cooperation in this matter.

Sincerely,

Diana Calderon
Human Rights Investigator
Intake Unit
IN2A
Rev. 7/16



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

January 5, 2017

Mr. Abdul Mohammed
258 E. Bailey Road, Apt. C,
Naperville, IL 60565

Re: Charge/Control Number:17W1214.08
    Respondent: Hines

Re: Charge/Control Number:17W1214.09
    Respondent: Littler Mendelson PC

Complainant's Initials: _____

Dear Complainant:

The Intake Unit of the Department of Human Rights is in receipt of your five (5) communications and two (2) discrimination charges has been prepared for you against the above named Respondents. However, the following information was not included in the discrimination charge for the following reason(s):

During the Intake interview on December 29, 2016, we discussed the relationship between the 5 Respondents. You stated that Littler Mendelson represented Wal-Mart, Uber Technologies, and Postmates, Inc., three clients you have cases against. However, on November 10, 2016, neither of those 3 clients denied you any use of their facility nor services. Because of this, no public accommodations charge was taken against them. You stated that you were escorted out of a building managed by Hines Property under the directive of Littler Mendelson, in retaliation for having filed charges against their clients. For this reason a charge has been prepared against both Littler Mendelson and Hines.

If you still believe any of this information should be included in your charge, please provide your explanation in writing immediately. Make sure you include the **charge number** or **control number** indicated above on your letter.

If you do not submit your appeal in writing within ten (10) days of receipt of this letter, the Department will assume that you agree with the information above and we will investigate only the issues indicated in the charge. If you have other questions related to this matter, please contact me at (312) 814-6256.

Thank you for your cooperation in this matter.

Sincerely,

Diana Calderon
Human Rights Investigator
Intake Unit
IN2A
Rev. 7/16

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

# PUBLIC ACCOMMODATION COMPLAINANT INFORMATION SHEET

**State of Illinois**
Department of Human Rights

Office Use Only: Control No. 17W121#04  Inv. Init.  Date:

**Instructions:** Read this entire form and all of the instructions carefully before completing. All questions should be answered. This form must be postmarked or received by IDHR within 180 days of the date of the alleged discrimination. IDHR must establish if it has the right under the law to investigate your public accommodations discrimination claim. If IDHR accepts your claim of public accommodations discrimination, information will be typed on an official charge form. The charge form must be signed, notarized and returned to IDHR in a timely manner. The form should be signed and dated below. Use additional sheets if necessary. THIS IS NOT A CHARGE. If IDHR accepts your claim, we will send you a charge form for signature.

## 1. COMPLAINANT INFORMATION:

| | | |
|---|---|---|
| Name: Abdul Mohammed | Address: 258 East Bailey Rd, | Apt No: C |

| | | | |
|---|---|---|---|
| City: Naperville | State: IL | ZIP: 60565 | Phone No: 6305973098 |

| | | |
|---|---|---|
| E-Mail: aamohammed@hotmail.com | Alt. Phone No: | Alt. Phone No: |

## 2. PERSONAL DATA: Please provide the following information for statistical purposes only.

CHECK THE CATEGORY IN THE LIST BELOW OF NATIONAL ORIGIN OR ANCESTRY WITH WHICH YOU MOST STRONGLY IDENTIFY:

- [ ] Greece
- [ ] Haiti
- [x] India
- [ ] Ireland
- [ ] Italy
- [ ] Japan
- [ ] Korea
- [ ] Liberia
- [ ] Mexico
- [ ] Middle East
- [ ] Pakistan
- [ ] Philippines
- [ ] Poland
- [ ] Puerto Rico
- [ ] U.S.A.
- [ ] Vietnam
- [ ] Other African/Non-Arab
- [ ] Other Eastern Europe
- [ ] Other Hispanic
- [ ] Other East Asia
- [ ] Other National Origin or Ancestry

Date of Birth: 02/18/1976    Sex: Male

## 3. WHO ELSE CAN WE CALL IF WE CANNOT REACH YOU: Provide the names of two persons who can contact you in the event IDHR is unable to locate you. Make sure their mailing addresses are different from your mailing address. Your charge could be dismissed if you do not provide this information and we are unable to locate you.

| | | |
|---|---|---|
| Name: Tony Backo | Address: 1975 Nutmeg Lane | Apt No: |

| | | | |
|---|---|---|---|
| City: Naperville | State: IL | ZIP: 60565 | Phone No: 3123711837 |

| | | |
|---|---|---|
| Name: | Address: | Apt No: |

| | | | |
|---|---|---|---|
| City: | State: | ZIP: | Phone No: |

## 4. RESPONDENT INFORMATION: Write out the full legal name of the place of public accommodation or organization (i.e. the Respondent), that you believe discriminated against you in Illinois.

IDHR can investigate charges of discrimination filed against places of public accommodation, such as restaurants, recreational facilities or businesses which are open to the public. Charges can also be filed against public officials. IDHR can investigate charges against educational institutions alleging discrimination in enrolling in education programs or denial of access to facilities, goods, or services, or severe or pervasive harassment where the educational institution failed to stop the conduct.

| | | |
|---|---|---|
| Name: Littler Mendelson PC | Address: 321 North Clark, Suite 1000 | |

| | | | |
|---|---|---|---|
| City: Chicago | State: IL | ZIP: 60654 | County: Cook |

| | |
|---|---|
| Phone No: 312-372-5520 | Web site (if known): |

CHECK THE TYPE OF RESPONDENT THAT DISCRIMINATED AGAINST YOU IN ILLINOIS:

- [ ] Airline / Bus / Train
- [ ] Bar / Restaurant
- [ ] Grocery Store
- [ ] Health Club
- [ ] Hotel / Motel
- [ ] Park / Place of Recreation
- [x] Professional Office / Public Official
- [ ] Theater

Government Agency  [ ] Federal   [ ] State   [ ] County   [ ] City

Specify:

Other:

Office Use Only: Dept. of Human Rights INTAKE UNIT  DEC 1 4 2016  RECEIVED

100 W. Randolph St., 10th Floor, Attn. Intake Unit, Chicago, IL 60601; 312-814-6200; 866-740-3953 (TTY); INTERVIEWS MON.-THURS. 8:30 AM to 4:00 PM
In Springfield: 222 South College, Room 101-A, Attn. Intake Unit, Springfield, IL62704; 217-785-5100; 866-740-3953 (TTY)
**WEBSITE: www.illinois.gov/dhr/**      CHICAGO FAX: 312-814-6251   SPRINGFIELD FAX: 217-785-5106

CIS-PA. 06/12/2015

**Illinois Department of Human Rights**

## PUBLIC ACCOMMODATION COMPLAINANT INFORMATION SHEET

**IDHR can only investigate charges alleging the following Bases of discrimination:** Age (40 and over), Physical or Mental Disability, Retaliation (complained about unlawful discrimination, filed a prior discrimination claim, or testified at a discrimination hearing), Coercion/Aiding and Abetting (helping or forcing a person to commit unlawful discrimination based upon any of the categories listed), Race, Unfavorable Military Discharge, Marital Status, Color, Ancestry, Military Status, Religion, National Origin, Sex, Pregnancy, Sexual Orientation, or Order of Protection Status. **IDHR cannot investigate unfair public accommodation actions such as:** political affiliations, personality conflicts, etc., unless such actions are alleged to be for one or more of the bases (Types of Discrimination) listed above. IDHR cannot investigate unfair actions within prison facilities because they are not places of public accommodation. IDHR cannot investigate allegations related to curriculum content or course offerings. IDHR cannot investigate charges against the Federal Government or Federal Officials.

### 5. DESCRIPTION OF THE ISSUES AND BASES THE IDHR IS BEING REQUESTED TO INVESTIGATE:

In the spaces below, please indicate each issue (harm) and basis (type of discrimination) which you would like IDHR to investigate. Some common issues (harms) are: Denied or refused equal enjoyment, goods, or services of a facility; Denied service based on the use of a guide, hearing, or support dog; Lack of disability parking; Inaccessible entrance/restrooms; Inaccessible route from entrance to the area where goods or services are provided.
Please take your time and complete all the information requested for each issue and basis alleged, so we can serve you better. Fill in a separate section for each issue and basis.

**A. FIRST ISSUE OF HARM OR ACTION TAKEN AGAINST YOU BY RESPONDENT:**
On 11/10/2016, I had an appointment with a law firm named Romanucci & Blandin LLC in a personal injury matter. I was waiting in the conference room to see Mr.Romanucci. Littler Mendelson PC sent a Security Officer and removed me from the building. They have banned my entry into the building located at 321 North Clark,Chicago,IL 60654. Security Officer told me that he has order from Littler Mendelson PC to remove me from the building.

| BASIS: Note: see above for the Bases IDHR can investigate. Retaliation | Date of Action: 11/10/2016 |
|---|---|

Reason given by Respondent for the action taken against you:
Littler Mendelson has added my information to the system and when the Security scans my ID, my name comes up, that I should be removed immediately.

Explain why you feel discriminated against because of the Basis identified above:
Littler Mendelson PC has retaliated against me in collaboration with Uber,Postmates and Walmart. I have *pending* charges at IDHR against Uber and Walmart.

Explain how others in your situation were treated:
There was no discrimination against other people.

**B. SECOND ISSUE OF HARM OR EMPLOYMENT ACTION TAKEN AGAINST YOU BY RESPONDENT (IF APPLICABLE):**

| BASIS: Note: see above for the Bases IDHR can investigate. | Date of Action: |
|---|---|

Reason given by Respondent for the action taken against you:

Explain why you feel discriminated against because of the Basis identified above:

Explain how others in your situation were treated:

**Illinois Department of Human Rights**

**PUBLIC ACCOMMODATION COMPLAINANT INFORMATION SHEET**

## 6. WITNESS INFORMATION:

| Name: Antonio Romanucci | Address: 321 North Clark, Suite 900 | | | Apt No: |
|---|---|---|---|---|
| City: Chicago | State: IL | ZIP: 60654 | Phone No: 312-458-1000 | |
| Name: | Address: | | | Apt No: |
| City: | State: | ZIP: | Phone No: | |

Do you have any documents to support your claim of discrimination? ☒ Yes ☐ No

## 7. SPECIAL BASES:

### A. If you claimed PHYSICAL OR MENTAL DISABILITY as a basis:

State your medically diagnosed disability/disabilities:

Explain how the Respondent became aware of each disability:

| Did you request any form of accommodation? ☒Yes ☐No | What was the Respondent's Response? I went to Romanucci & Blandin LLC. Littler Mendelson PC is a different law firm in the same building on different floor. |
|---|---|

### B. If you claimed RETALIATION as a basis:

State how you opposed unlawful discrimination: (i.e., testified at a discrimination hearing, filed a prior discrimination claim, or complained about unlawful discrimination). Include dates, charge numbers, and/or the name or title of the person to whom you complained.

I have pending charges at IDHR against the Respondent's clients, Uber, Postmates and Walmart. Littler Mendelson PC is representing Uber, Postmates and Walmart at IDHR against my charges.

## 8. HAVE YOU FILED A PREVIOUS CHARGE AGAINST THIS RESPONDENT WITH IDHR?

Have you filed a previous charge against this respondent with IDHR?

☒Yes ☐No    Charge Number: 2016CP0441          Date Filed: 06/15/2015

Have you filed a charge regarding this situation with any other agency?

☒Yes ☐No    What agency and when? Cook County Commission on Human Rights, City of Chicago Commission on Human Relations, Federal Court, NLRB.

**CONSENT AGREEMENT AND RELEASE**

I have read the provided "Notice to Complainant" and I understand that: 1) In the course of investigating my charge, IDHR will reveal my identity (including my name) and my personal information to named Respondent(s) in my charge to obtain facts and evidence regarding my charge; 2) I do not have to reveal my personal information to IDHR, but IDHR may close my charge if I refuse to reveal information needed to fully investigate my charge; 3) IDHR may be required by law, subpoena, court order, and/or FOIA request to disclose my charge and information in IDHR's investigation file concerning my charge to persons outside of IDHR.

If IDHR takes a charge based on the information provided, I consent for IDHR to disclose my identity and personal information as necessary to process and investigate my charge, and I release IDHR from any liability whatsoever concerning disclosure of my identity and any personal information I provided to IDHR or IDHR obtained in processing my charge.

**My signature below verifies the accuracy of the information provided herein and my consent and release as indicated above.**

| Print Name | Abdul Mohammed | Signature | | Date 12/07/2016 |
|---|---|---|---|---|

NOTE: If there is certain personal information you would like withheld, please discuss your concern with an Intake supervisor.

CIS-PA. 06/12/2015



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

## CREDIBILITY NOTICE

**The Cooper v. Salazar Injunction**

The Illinois Department of Human Rights (IDHR) is under a federal-court injunction that, among other things, orders the IDHR:

> 'To cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination'.

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

**Meaning of the Cooper Injunction**

The IDHR cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the IDHR should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the IDHR to make a finding of fact as to conflicting evidence, the IDHR will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines 'substantial evidence' as:

> 'Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance'. Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

**The Meaning of Credibility**

The Illinois Department of Human Rights is an investigatory agency. The IDHR's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The IDHR's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The IDHR will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the IDHR will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the IDHR will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

**Conflicting evidence exists when there are:**

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

## IMPORTANT NOTICE TO COMPLAINANT ABOUT MEDIATION

**The Illinois Department of Human Rights is offering YOU the opportunity to participate in the IDHR Mediation Program before the charge is investigated.**

Thousands of cases have already experienced the benefits of working out disputes without investigation or litigation.   The IDHR MEDIATION PROGRAM lets the parties work out a settlement with the help of a trained, impartial IDHR mediator.

MEDIATION is a form of dispute resolution where parties to an IDHR charge meet in an informal atmosphere and discuss settlement options to close the IDHR charge and avoid a lengthy and possibly expensive investigation.

MEDIATION can provide a fast, free alternative to the IDHR investigation process.  The IDHR Mediation Program has a settlement rate of over 50%.

Have you considered the advantages of MEDIATION?

MEDIATION…

> …Is **free**.  -  There is no cost to you or the other party.  You schedule a mediation conference and attend – that's it!

> …Is **fast** – Cases can be mediated before the case is assigned for investigation, and conference sessions are scheduled for 9 am – 1 pm or 1 pm – 5 pm. Investigations typically last one year

> …Is **confidential** – Participation in the IDHR Mediation Program will not affect the outcome of your case.  The IDHR investigation is a completely separate process that will not be influenced by the mediation conference.

> …Is **not** a hearing on the merits of the charge.  The purpose of mediation is to settle the charge by letting the parties discuss their differences and explore options that resolve the dispute.

If you are interested in Mediation, Contact the IDHR Mediation Unit at (312) 814-6889.