**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ABDUL MOHAMMED,<br><br>         Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>         Defendants. | No. 21-cv-3261<br><br>Hon. Sharon Johnson Coleman |

## JENNER DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff's Response (Dkt. 46) to the Jenner Defendants'[1] Motion to Dismiss (Dkt. 34) is devoid of legal argument or supported factual allegations and therefore dismissal of the case against the Jenner Defendants is warranted. The Jenner Defendants' Motion to Dismiss argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to comply with the pleading requirements of Rules 8 and 9 for the counts[2] asserted against the Jenner Defendants and because Plaintiff's RICO (Count 10) and Intentional Infliction of Emotional Distress (Count 14) claims are barred by their respective statutes of limitations. (*See* MTD at 4–12.) Plaintiff's Response cites no legal authorities—none whatsoever—to rebut any of the Jenner Defendants' legal arguments. Instead, Plaintiff concedes that he failed to plead the elements for malicious prosecution (Counts 11 and 12) and effectively

---

[1] "Opp. __" refers to Plaintiff's Response to Jenner Defendants' Motion to Dismiss (Dkt. 46); "MTD __" refers to the Jenner Defendants' Motion to Dismiss (Dkt. 34). Abbreviations have the same meaning as in Jenner Defendants' Motion to Dismiss.

[2] Plaintiff's Complaint asserts the following claims against the Jenner Defendants: Violation of the RICO Act (Count 10); Malicious Prosecution (Counts 11 and 12); Fraudulent Misrepresentation (Count 13); Intentional Infliction of Emotional Distress (Count 14); and Civil Conspiracy (Count 15). In his Response, Plaintiff concedes that he failed to plead the elements for malicious prosecution, and he voluntarily dismissed those counts. (Opp. ¶ 12.)

abandons the remaining counts asserted against the Jenner Defendants (Counts 10 and 13 to 15) by only expressing his "belie[f] that he has sufficiently pled" his claims. (Opp. ¶¶ 9–15.)

Rather than making any legal argument, Plaintiff attempts to cure the pleading defects in his Complaint by improperly asserting new facts that not only go beyond the Complaint's allegations directed at the Jenner Defendants but contradict them. Plaintiff's Complaint expressly pleads that the Jenner Defendants were not involved in the retaliation that allegedly occurred on November 10, 2016 (Compl. ¶ 7) and never identifies any involvement by the Jenner Defendants in the alleged iPhone tracking (*see id.* ¶¶ 11–16, 39–46). Indeed, Plaintiff expressly excludes the Jenner Defendants from the nine counts that relate to the alleged retaliation and iPhone tracking. (*See* Compl. Counts 1–9.) In a complete about-face, Plaintiff now asserts in his Response that the Jenner Defendants retaliated against Plaintiff and tracked him using his iPhone. (Opp. ¶¶ 1–2, 5.)[3]

For these reasons, in addition to the reasons set forth in the Motion to Dismiss, the Jenner Defendants respectfully request that the Court dismiss the Complaint with prejudice, or, in the alternative, require Plaintiff to obtain leave from the Executive Committee of the United States District Court for the Northern District of Illinois (the "Executive Committee") before filing an amended complaint. (*See* MTD at 1–2, Exhibits C to E.)

## ARGUMENT

## I. Plaintiff waived all counts asserted against the Jenner Defendants by failing to respond.

The Jenner Defendants' Motion to Dismiss argues that the claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff failed to meet

---

[3] Plaintiff's Responses to the Motions to Dismiss filed by the other Defendants appear to claim that Counts 1 through 9 were asserted against the Jenner Defendants, which contradicts the plain language of Plaintiff's Complaint excluding the Jenner Defendants from those claims. (*Compare* Dkt. 44 ¶¶ 1, 3–8, 11 *and* Dkt. 45 ¶¶ 2–4 *with* Compl. ¶ 7, Counts 1–9.)

the pleading requirements of Rules 8 and 9. (*Id.* at 4–12.) Plaintiff failed to respond to these arguments and thereby forfeited his claims. The Seventh Circuit has repeatedly held that a party forfeits its right to continue litigating its claim "[b]y failing to respond responsively to [a] motion to dismiss." *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041, 1043 (7th Cir. 1999) (collecting cases and finding that "[a]n unresponsive response is no response" and "the plaintiff was defaulted for refusing to respond to the motion to dismiss.").

Plaintiff's pro se status does not excuse his failure to respond adequately. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) ("[E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority. . . . A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point."). Although a pro se litigant's pleadings may be "held to less stringent standards than formal pleadings drafted by lawyers" (*Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citations and quotations omitted)), that principle does not excuse clear pleading deficiencies. Generally, "*pro se* litigants are masters of their own complaints," and "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005); *see Kiebala v. Boris*, 928 F.3d 680, 684–85 (7th Cir. 2019) ("District courts are not charged with seeking out legal 'issues lurking within the confines' of the pro se litigant's pleadings.").

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule simply "specifies the conditions of the formal adequacy of a pleading." *Kirksey*, 168 F.3d at 1041. "It does not specify the conditions of its substantive adequacy, that is, its legal merit." *Id.* As such, "when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support

his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) nor are they "to fill in all of the blanks in a pro se complaint." *Kiebala*, 928 F.3d at 685. And a litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a forfeiture. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *Sabbia v. Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 920 (N.D. Ill. 2009) ("It is well-settled that insufficiently-developed arguments are forfeited [and] that this rule applies to pro se litigants as well.").

By failing to engage with the Jenner Defendants' legal arguments, Plaintiff forfeited all claims asserted against the Jenner Defendants. Moreover, Plaintiff's Complaint, as well as his Response, contain little more than legal conclusions couched as factual allegations. The Court is neither bound to accept these assertions as true nor to fill in the factual blanks for Plaintiff. Plaintiff's Complaint does not plausibly state a claim against the Jenner Defendants, and it should be dismissed.

## II.  Plaintiff cannot cure the Complaint's defects by asserting facts that are directly contrary to the allegations in the Complaint.

Plaintiff attempts to cure the Complaint's defects by making new, sweeping allegations that directly contradict the allegations in the Complaint. Plaintiff's actions are completely in line with his history of bad faith, vexatious litigation that resulted in the Executive Committee enjoining Plaintiff from initiating actions in this Court without leave of the Executive Committee. (*See* MTD at 1–2, Exhibits C to E.) Rather than curing the Complaint's defects, Plaintiff makes

4

up new facts wherever and whenever he thinks they will be helpful even if entirely contradicted by his prior statements. Respectfully, the Court should not countenance further bad faith, vexatious conduct.

While "courts may consider 'additional facts' in a response brief, the flexibility is not without limitations; such additional facts in response to a motion to dismiss must be 'consistent with the pleadings.'" *In re Chicago Bd. Options Exch. Volatility Index Manipulation Antitrust Litig.*, 435 F. Supp. 3d 845, 872 (N.D. Ill. 2020) (quotations and citations omitted). The limitation turns on whether the plaintiff is merely providing additional facts that are consistent with his allegations in the complaint, or whether he is trying to amend the complaint with the addition of new factual allegations. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Consequently, courts routinely reject attempts to cure pleading defects with new factual allegations in responses to motions to dismiss. *See, e.g.*, *Pac. Constr. Servs., Inc. v. Stone City Ironworks, Inc.*, No. 19-CV-4036, 2020 WL 1139258, at *2 (N.D. Ill. Mar. 9, 2020) (holding that pro se litigant "may not amend its counterclaim by its response brief"); *Bernstein-Ellis v. AT&T Pension Plan*, No. 20 C 7010, 2021 WL 1978279, at *5 (N.D. Ill. May 17, 2021) (dismissing complaint because "a complaint cannot be amended by a brief in opposition" and pro se plaintiff's "arguments [in its opposition] do not supplement the existing claims; rather, they are an entirely different claim"); *Liqui-Box Corp. v. Scholle IPN Corp.*, 449 F. Supp. 3d 790, 805 (N.D. Ill. 2020) ("Plaintiff may not attempt to add factual allegations to its complaint in a response brief.").

Plaintiff attempts to circumvent Rule 8, which requires a plaintiff to make a short and plain statement in the complaint that "give[s] the defendant fair notice of what the . . . claim is and

5

grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. Further, he ignores Rule 9(b)'s

pleading requirements that apply to Plaintiff's fraud claims (Counts 10 and 13) and to Plaintiff's

conspiracy claims based on fraud (Count 15). *Residential Lending Inc., v. International Mortgage

Center, Inc.*, 305 F.Supp.2d 846, 853 (N.D. Ill. 2004) (finding that Rule 9(b) requires a plaintiff to

satisfy pleading requirements in the complaint, not through assertions of fact in a response to a

motion to dismiss); *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 WL 1160171, at *2

(N.D. Ill. May 30, 2002) (finding that "Rule 9(b) requires that certain allegations be in the

complaint" and that plaintiff may not assert in response to a motion to dismiss additional facts in

support of fraud claims). The Complaint's allegations exclude the Jenner Defendants from the

alleged retaliation, do not mention the Jenner Defendants in any way regarding alleged tracking,

and exclude the Jenner Defendants from Counts 1 through 9 that relate to those allegations. (*See*

Compl. ¶ 7, Counts 1–9.) Plaintiff's effort to reverse course from those allegations fails to cure

the Complaint's defects. *Agnew*, 683 F.3d at 348.

### III.   Plaintiff's response regarding statutes of limitations is unavailing.

The Jenner Defendants argue that Plaintiff's RICO (Count 10) and Intentional Infliction of

Emotion Distress (Count 14) claims are barred by the applicable statutes of limitations. (MTD at

6–7.) The Supreme Court has made clear that a four-year statute of limitations applies to federal

RICO claims, and the Illinois Supreme Court has held that a two-year statute of limitations applies

to intentional infliction of emotional distress claims. *See Agency Holding Corp. v. Malley-Duff &

Assocs., Inc.*, 483 U.S. 143, 156 (1987); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003).

Plaintiff responds with vague allegations suggesting that he should be excused for failing to

comply with these statutes of limitations based on unspecified acts by the Jenner Defendants that

somehow concealed Plaintiff's claims. (Opp. ¶¶ 6–8.) Plaintiff's Response should be rejected.

*Reed v. Norfolk & W. Ry. Co.*, 635 F. Supp. 1166 (N.D. Ill. 1986) (rejecting "near-frivolous" statute of limitations arguments). Plaintiff's conclusory allegations are untethered from the Complaint and the exhibit attached to his Response, which in no way supports his assertions of concealment. Accordingly, Counts 10 and 14 should be dismissed.

## IV.     **Plaintiff's conduct justifies dismissal with prejudice.**

As detailed in the Jenner Defendants' Motion to Dismiss, Plaintiff has a history of abusing the judicial system and has been enjoined by the Executive Committee from filing any new civil action or proceeding in this district without first obtaining leave. (MTD at 1–2, Exhibits A to E.) Plaintiff's campaign to harass Uber and its attorneys should not be tolerated any longer. The Jenner Defendants respectfully request that this case be dismissed with prejudice. In the alternative, the Jenner Defendants request that the court dismiss Plaintiff's case and that Plaintiff only be granted leave to refile if Plaintiff first obtains leave from the Executive Committee.

## CONCLUSION

For the foregoing reasons, the Jenner Defendants respectfully request that the Court enter an order granting their Rule 12(b) Motion to Dismiss the case with prejudice

Dated:  February 18, 2022                    Respectfully submitted,

                                             **JENNER & BLOCK LLP, REID SCHAR,**
                                             **MEGAN POETZEL, and DANIEL BOBIER**

                         Prepared by:  /s/ *David M. Greenwald*
                                       _____

                                       Robert R. Stauffer
                                       rstauffer@jenner.com
                                       David Jimenez-Ekman
                                       djemenez-ekman@jenner.com
                                       David M. Greenwald
                                       dgreenwald@jenner.com
                                       Katherine R. McLaughlin
                                       kmclaughlin@jenner.com

**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
Telephone: 312.222.9350
Facsimile: 312.527.0484
*Attorneys for Jenner & Block LLP, Reid Schar,*
*Megan Poetzel, and Daniel Bobier*

## CERTIFICATE OF SERVICE

David M. Greenwald, an attorney, hereby certifies that on February 18. 2022, he caused a copy of ***Jenner Defendants' Reply in Support of their Motion to Dismiss*** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which sent notification via electronic mail of such filing to all ECF participants of record, including:

Abdul Mohammed
aamohammed@hotmail.com
258 East Bailey Rd., Apt. C
Naperville, IL 60565
*Pro se Plaintiff*

Jennifer Schilling
jschilling@littler.com
Kerri Feczko
kfeczko@littler.com
LITTLER MENDELSON P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 313.372.7880
*Attorneys for Defendants Uber Technologies, Inc., Raiser, LLC, and Dara Khosrowshahi*

Jennifer Youpa
jyoupa@littler.com
LITTLER MENDELSON P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
Telephone: (214) 880-8100
Kerri Feczko
kfeczko@littler.com
LITTLER MENDELSON P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 313.372.7880
*Attorneys for Littler Mendelson P.C., Jody Boquist, and Jennifer Schilling*

Gina Arquilla DeBoni
gdeboni@rblaw.net
Jason J. Friedl
jfriedl@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Telephone: 312.458.1000
Facsimile: 312.458.1004
*Attorneys for Antonio Romanucci and Romanucci & Blandin, LLC*

/s/ *David M. Greenwald*