UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL MOHAMMED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 cv 3261 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| JENNER & BLOCK, LLP, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 17, 2021, defendants, including the law firm of Romanucci & Blandin, LLC, and attorney Antonio Romanucci (collectively "the Romanucci defendants"), removed this lawsuit from the Circuit Court of Cook County, Law Division. In his fifteen-count pro se complaint, plaintiff Abdul Mohammed brings five claims against the Romanucci defendants. Before the Court is the Romanucci defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motion to dismiss in its entirety.

**Background**

Mohammed filed a federal court complaint against Uber and certain Uber employees, along with other defendants, on February 24, 2016, case number 16 C 2537, *Mohammed v. Uber, et al.,* ("*Mohammed I*"). Mohammed had been a driver for Uber starting in October 2014 through June 2015. In *Mohammed I*, the Court granted defendants' motion to compel arbitration and final judgment was entered on September 1, 2021 in favor of Uber. Attorneys from Jenner & Block and Littler Mendelson, PC represented Uber in *Mohammed I*.

Construing the present pro se allegations liberally, *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Mohammed alleges that he had an appointment with the law firm of Romanucci & Blandin, LLC on November 10, 2016. On that day, he went to the Romanucci firm's conference

room at 321 North Clark Street in Chicago to meet with Antonio Romanucci. While he was waiting in the conference room, a building security officer and Romanucci entered the room. The security guard informed Mohammed that he had an order from another tenant of 321 North Clark Street, the law firm of Littler Mendelson to remove him from the building. The security officer then allegedly shoved Mohammed into the elevator to go to the ground floor of the building, pushed him towards the exit of the building, held him by his belt, and threatened him. Thereafter, Mohammed called Romanucci, who informed him Littler Mendelson would not allow Mohammed in the building. Mohammed asserts that this conduct was done in retaliation for bringing his earlier lawsuit *Mohammed I*.

Mohammed is a frequent litigant having filed over twenty lawsuits in the Northern District of Illinois, along with numerous state court cases. Due to his frequent, often frivolous lawsuits, Mohammed is subject to filings bars in different courts. *See Mohammed v. Naperville Cmty. Unit Sch. Dist. #203*, No. 19 C 6525, 2021 WL 1253452, at *4 (N.D. Ill. Apr. 5, 2021) (Feinerman, J). As relevant here, the Northern District of Illinois Executive Committee has ordered that all of Mohammed's lawsuits must be reviewed before going forward. After reviewing this case, the Executive Committee allowed this lawsuit to go forward on September 16, 2021.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] motion to dismiss based on failure to

comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (citation omitted).

**Discussion**

In his pro se complaint, Mohammed alleges an assault and battery claim sounding in tort against the Romanucci defendants in Count I. Under Illinois law, a plaintiff must bring a claim for assault and battery within two years of the injury. *See* 735 ILCS 5/13-202; *Lynam v. Foot First Podiatry Ctr., P.C.,* 919 F.Supp. 1141, 1149 (N.D. Ill. 1996) (Castillo, J.). As such, Mohammed's assault and battery claim is time-barred because he filed this lawsuit over four years after the November 2016 incident.

Nonetheless, Mohammed argues defendants fraudulently concealed this cause of action, thus a five-year limitations period applies under 735 ILCS 5/13-215. This argument is without merit because an assault and battery claim accrues on the day the injury occurred. *See Slabon v. Sanchez*, No. 15 C 8965, 2021 WL 4146909, at *20 (N.D. Ill. Sept. 13, 2021) (Seeger, J.). Here, Mohammed was well aware that the security officer allegedly assaulted and battered him on November 10, 2016. *See Greenhill v. Vartanian*, 917 F.3d 984, 988 (7th Cir. 2019) ("Illinois starts the period of limitations no later than actual discovery, even if the potential defendant tried unsuccessfully to conceal the offense."). Mohammed's claim in Count I is thus time-barred.

Next, Illinois' aggravated assault and battery statutes are criminal statutes without a private cause of action, therefore, Mohammed's claims in Count II are untenable because only the government can bring criminal charges. Indeed, Mohammed voluntarily dismisses the Romanucci defendants from Count II.

In Count IV, Mohammed asserts a claim under the Illinois Hate Crime Act ("IHCA"), which grants a civil right of action independent of any criminal prosecution. *See* 720 ILCS 5/12-7.1(c).

3

Mohammed bases his claim on being forcibly removed from the North Clark Street building. *See Ali v. Wal-Mart Stores, Inc.*, No. 04 C 7930, 2005 WL 2318905, at *2 (N.D. Ill. Sept. 21, 2005) (Kennelly, J.) ("A hate crime occurs when, among other things, an individual commits a battery by reason of the actual or perceived race of another."). Although the IHCA does not specifically state a statutory period of limitation, courts have applied the two-year limitations period for Illinois personal injury lawsuits. *See Nihiser v. Lutz*, 15 CV 2102, 2017 WL 5759979, at *4 (C.D. Ill. Mar. 29, 2017) (Bruce, J); *Caudle v. Illinois*, No. 18 CV 50230, 2019 WL 1522641, at *5 n.9 (N.D. Ill. Apr. 5, 2019) (Johnston, J.); *Smith v. Board of Educ. of City of Chicago*, No. 94 CV 6850, 1995 WL 781463, at *3 (N.D. Ill. Aug. 11, 1995) (Holderman, J.).

From his allegations, Mohammed was aware he was removed from the building on November 10, 2016 through the alleged assault and battery of the security guard. His IHCA claim is therefore untimely. *See Hobley v. Burge*, No. 03 C 3678, 2004 WL 1243929, at *8 (N.D. Ill. June 3, 2004) (Aspen, J.); *Gudino v. Town of Cicero*, No. 02 C 6248, 2003 WL 260707, at *2 (N.D. Ill. Jan. 29, 2003) (Grady, J.).

In Count XIV, Mohammed brings an Illinois intentional infliction of emotional distress ("IIED") claim against all of the defendants based on the November 2016 incident. The applicable statute of limitations for an IIED claim in Illinois is two years. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85, 207 Ill.2d 263, 278 (Ill. 2003); 735 ILCS 5/13–202. Once again, Mohammed argues that the Romanucci defendants fraudulently concealed this claim. But Mohammed knew of his injury on November 10, 2016, therefore, the two-year limitations period applies. *See Greenhill*, 917 F.3d at 988. Simply put, under these circumstances, any alleged fraud did not prevent Mohammed from discovering the basis of his IIED claim. *In re Copper Antitrust Litig.*, 436 F.3d 782, 791 (7th Cir. 2006) ("In order for a plaintiff to benefit from tolling for fraudulent concealment, he must show 'that he neither knew nor, in the exercise of due diligence, could reasonably have known of the offense.'")

4

(citation omitted). Mohammed's IIED claim against the Romanucci defendants is untimely.

Last, in Count XV of his complaint, Mohammed alleges an Illinois civil conspiracy claim against all of the defendants. "Under Illinois tort law, a civil conspiracy requires '(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff.'" *Turner v. Hirschbach Motor Lines,* 854 F.3d 926, 930 (7th Cir. 2017) (citation omitted).

Because Mohammed has not adequately alleged any claims against the Romanucci defendants, they cannot be held liable for civil conspiracy under Illinois law. *See Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) ("[A] conspiracy is not an independent tort. Where, as here, a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for a conspiracy also fails.") (citation omitted). The Court grants the Romanucci defendants' motion to dismiss Count XV.

**Conclusion**

For these reasons, the Court grants the Romanucci defendants' motion to dismiss with prejudice because any amended complaint against the Romanucci defendants would be futile [39]. The Romanucci defendants are no longer part of this lawsuit.

IT IS SO ORDERED.

Date: 2/28/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge