UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL MOHAMMED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 cv 3261 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| JENNER & BLOCK, LLP, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 17, 2021, defendants, including the law firm of Jenner & Block and certain

individuals employed by Jenner (collectively "the Jenner defendants"), removed this lawsuit from the

Circuit Court of Cook County, Law Division. In his fifteen-count pro se complaint, plaintiff Abdul

Mohammed brings six claims against the Jenner defendants. Before the Court is the Jenner

defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the

following reasons, the Court grants defendants' motion in its entirety.

**Background**

Mohammed filed a federal court complaint against Uber and certain Uber employees, along

with other defendants, on February 24, 2016, in case number 16 C 2537, *Mohammed v. Uber, et al.*,

("*Mohammed I*"). Mohammed had been a driver for Uber starting in October 2014 through June

2015. In *Mohammed I*, the Court granted defendants' motion to compel arbitration and final

judgment was entered on September 1, 2021 in favor of Uber. Attorneys from Jenner & Block and

the law firm of Littler Mendelson, PC represented Uber in this earlier lawsuit.

Construing the present pro se allegations liberally, *Harris v. United States*, 13 F.4th 623, 627

(7th Cir. 2021), Mohammed alleges that he had an appointment with the law firm of Romanucci &

Blandin, LLC on November 10, 2016. On that day, he went to the Romanucci firm's conference

room at 321 North Clark Street in Chicago, after which a security officer came to the conference

room and told Mohammed that "they" had a problem with him and asked him to leave. According

to Mohammed, the law firm of Littler Mendelson told the officer to remove him from the building.

Mohammed alleges that this security officer shoved him into the elevator to go to the ground floor

of the building, pushed him towards the exit of the building, held him by his belt, and threatened

him. There are no allegations against the Jenner defendants being involved in this November 2016

incident. In any event, Mohammed asserts that this conduct was done in retaliation for bringing his

earlier lawsuit *Mohammed I.*

Mohammed is a frequent litigant having filed over twenty lawsuits in the Northern District

of Illinois, along with numerous state court cases. Due to his frequent, often frivolous lawsuits,

Mohammed is subject to filings bars in different courts. *See Mohammed v. Naperville Cmty. Unit Sch.*

*Dist. #203*, No. 19 C 6525, 2021 WL 1253452, at *4 (N.D. Ill. Apr. 5, 2021) (Feinerman, J). As

relevant here, the Northern District of Illinois Executive Committee has ordered that all of

Mohammed's lawsuits must be reviewed before going forward. After reviewing this case, the

Executive Committee allowed this lawsuit to go forward on September 16, 2021.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency

of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d

233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551

U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss,

plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] motion to dismiss based on failure to

comply with the statute of limitations should be granted only where the allegations of the complaint

itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (citation omitted). Moreover, when ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *O'Brien v. Village of Lincolnshire,* 955 F.3d 616, 621 (7th Cir. 2020) (citation omitted).

**Discussion**

In Count X of his January 11, 2021 complaint, Mohammed alleges a RICO claim against the Jenner defendants. *See* 18 U.S.C. § 1862. Mohammed bases his claim, in part, on Uber tracking him through the GPS of his iPhone and that he did not discover Uber had done this until February 9, 2018. Thus, Mohammed asserts, his RICO claim is timely under the four-year limitations period for RICO claims. *See Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

Setting timeliness aside, in his complaint, Mohammed's allegations concerning Uber's alleged tracking of Mohammed do not include any allegations concerning the Jenner defendants. It is not until his response brief that Mohammed alleges the Jenner defendants were also involved in tracking him, and, it is well-established that "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Mohammed has also waived his arguments that he plausibly alleged his RICO claim under the federal pleading standards because he failed to address the Jenner defendants' arguments in his response brief. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). The Court therefore grants the Jenner defendants' motion to dismiss Count X.

In Counts XI and XII, Mohammed asserts two malicious prosecution claims under Illinois law. To prevail on a malicious prosecution claim, Mohammed must show "(1) the commencement or continuance by the defendant of an original judicial proceeding against the plaintiff; (2)

the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) malice; and (5) damages." *Barnes v. City of Centralia, Ill.*, 943 F.3d 826, 833 (7th Cir. 2019). "The absence of any of these elements bars a plaintiff's malicious prosecution claim." *Beaman v. Freesmeyer*, 131 N.E.3d 488, 495, 433 Ill.Dec. 130, 137, 2019 IL 122654, ¶ 26 (Ill. 2019).

In response, Mohammed voluntarily dismisses his malicious prosecution claims because *Mohammed I* did not terminate in his favor. The Court also notes that Mohammed cannot establish the first element of his malicious prosecution claim because he brought the earlier lawsuit, not the Jenner defendants. Therefore, these claims are dismissed as to the Jenner defendants.

In Count XIII, Mohammed brings a fraudulent misrepresentation claim under Illinois law. "In a claim of fraudulent misrepresentation, a plaintiff must establish the following elements: (1) a false statement of material fact, (2) known or believed to be false by the person making it, (3) an intent to induce the plaintiff to act, (4) action by the plaintiff in justifiable reliance on the truth of the statement, and (5) damage to the plaintiff resulting from such reliance." *Lewis v. Lead Indus. Assoc.*, 178 N.E.3d 1046, 1055–56, 449 Ill.Dec. 195, 204–05, 2020 IL 124107, ¶ 30 (Ill. 2020).

Construing Mohammed's pro se complaint generously, the only allegation of a false statement is that Mohammed states defendants presented false and fabricated evidence in *Mohammed I*. There are no allegations that he relied on these allegedly false statements or fabricated evidence nor that he was induced to act based on these alleged falsehoods. And, as above, Mohammed has failed to address the Jenner defendants' arguments pertaining to this fraudulent misrepresentation claim. Therefore, the Court dismisses Count XIII.

Next, in Count XIV, Mohammed brings an Illinois intentional infliction of emotional distress ("IIED") claim against all of the defendants based on the November 2016 incident. The applicable statute of limitations for an IIED claim in Illinois is two years. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85, 207 Ill.2d 263, 278 (Ill. 2003); 735 ILCS 5/13–202. Mohammed contends defendants

fraudulently concealed this cause of action, and thus a five-year limitations period applies under 735

ILCS 5/13-215. Specifically, Mohammed argues that the Jenner defendants fraudulently concealed

information about his Illinois Department of Human Resources Charge, number 2017CP2125, but

from attachments Mohmmed has filed with his legal memoranda, the Jenner defendants were not

respondents to that action, the law firm of Littler Mendelsohn was. And, Mohammed withdrew his

charge against Littler Mendelson on September 13, 2017. Therefore, Mohammed's fraudulent

concealment argument is untenable.

Moreover, based on Mohammed's allegations, he had actual knowledge of his injury

allegedly caused by the Jenner defendants on November 10, 2016, the day he was removed from the

North Clark Street building. *See Greenhill v. Vartanian*, 917 F.3d 984, 988 (7th Cir. 2019) ("Illinois

starts the period of limitations no later than actual discovery, even if the potential defendant tried

unsuccessfully to conceal the offense."). The two-year limitations period therefore applies, and thus

Mohammed's IIED claim against the Jenner defendants is untimely.

Last, in Count XV, Mohammed alleges an Illinois civil conspiracy claim against all of the

defendants. "Under Illinois tort law, a civil conspiracy requires '(1) an agreement between two or

more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by

unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the

agreement that caused an injury to the plaintiff.'" *Turner v. Hirschbach Motor Lines,* 854 F.3d 926, 930

(7th Cir. 2017) (citation omitted).

Because Mohammed has failed to adequately allege any claims against the Jenner defendants,

they cannot be held liable for civil conspiracy under Illinois law. *See Horist v. Sudler & Co.*, 941 F.3d

274, 281 (7th Cir. 2019) ("[A] conspiracy is not an independent tort. Where, as here, a plaintiff fails

to state an independent cause of action underlying its conspiracy allegations, the claim for a

conspiracy also fails.") (citation omitted). The Court grants the Jenner defendants' motion to dismiss Count XV.

**Conclusion**

For the foregoing reasons, the Court grants the Jenner defendants' motion to dismiss with prejudice because any amended complaint against the Jenner defendants would be futile [34]. The Jenner defendants are no longer part of this lawsuit.

IT IS SO ORDERED.

Date: 2/28/2022

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge